ABBIE WATKINS, RESPONDENT, *v.* HENRY J. VROOMAN, EBEN C. REYNOLDS AND HELEN REYNOLDS, APPELLANTS.

*An agreement made by a remainderman to pay a mortgage given by the tenant for life — what creates a lien upon his interest — the agreement need not be an instrument capable of conveying a fee — a purchaser from the remainderman is liable for any purchase-money remaining in his hands at the time when he has actual notice of the agreement.*

In 1843 William Miller died, leaving a last will and testament, by which he gave and devised an equal undivided third part of the residue of his real and personal estate to a person therein named, in trust, to pay the interests, rents and profits thereof to his daughter, Eliza Ann, the wife of Adam Vrooman, to and for her sole use and benefit, and upon the further trust that, upon the decease of the said Eliza Ann, the trustee should convey and deliver the said estate, real and personal, "to the right heirs then living of the said Eliza Ann." The lands so devised in trust were occupied by the said Eliza Ann Vrooman from the death of Miller to the 22d day of June, 1879, on which day she died, leaving her surviving the defendant Henry J. Vrooman and Helen Reynolds, her only heirs-at-law and next of kin.

On January 17, 1879, Henry J. Vrooman having applied to the plaintiff for a loan of the sum of $1,000 to the said Eliza Ann Vrooman, represented to the plaintiff that the said Eliza Ann was the owner of the premises. The money was loaned, and, to secure the payment thereof, the said Eliza Ann executed

and delivered to the plaintiff a mortgage, describing the lands constituting the trust estate created by the will of Miller, which mortgage was recorded in the proper clerk's office on January 17, 1879. The plaintiff at the time she lent the money did not know in whom the title to the land was vested, and supposed it to be in the mortgagor.

The interest which fell due January 1, 1880, on this mortgage, was not paid, and the plaintiff, having been informed that the mortgagor had no title to the mortgaged premises, applied to Henry J. Vrooman for additional security; whereupon, he, on March 15, 1880, executed and delivered a paper, signed and sealed by him (the certificate of acknowledgment to which was defective and to which there was no subscribing witness), certifying that the mortgage was a lien on the premises therein described, was good for the face thereof, with interest, and that the same was thereby made as against himself and his heirs a lien on the said property, and thereby covenanted and agreed to pay the $1,000 and interest. On March 18, 1880, this paper was recorded in the Oneida county clerk's office, in the book of assignments and satisfactions, and, about July 30, 1880, was copied by the clerk into the book of mortgages but not in its regular order.

Upon the trial of this action, brought to orec.ose the said mortgage and to have it declared a lien upon the premises described therein, the summons was served on Vrooman, July 15, 1880.

*Held*, that as the court found that the defendant Henry J. Vrooman duly executed and delivered the agreement of March 15, 1880, and as the action was in equity, that a judgment against him for the sum of money due, with interest, was properly entered.

On July 19, 1880, Vrooman conveyed all his interests in the lands to Eben C. Reynolds, for the consideration of $3,000, which was to be paid to Vrooman by discharging certain mortgages and notes and other debts owing by Vrooman, and by paying to him in cash $875. Upon the trial of this action the court found that before Eben C. Reynolds had paid any part of a sum of $860 (being the balance of the purchase-price which he had agreed to pay to the creditors of Vrooman), he had actual notice of the plaintiff's mortgage and of the above agreement.

*Held*, that, upon the death of Eliza Ann Vrooman, the trust terminated and one-half of the trust estate passed immediately to Henry J. Vrooman, one of the two heirs-at-law of Eliza Ann, her surviving, and that no conveyance from the trustee was necessary to vest the title in him as the transfer was made by the operation of the statute of uses.

That while the agreement of March 15, 1880, was not an instrument which could convey a fee, as the agreement was not duly acknowledged or attested by a witness, as required by section 137 of 3 Revised Statutes (7th ed.), 2194, it created an equitable lien or mortgage on Vrooman's part of the land which could be enforced.

That, as this agreement had not been properly recorded, a purchaser of the premises in good faith and without actual notice would have acquired a title free from such lien; but as the court had found that $860 of the purchase-price was unpaid at the time that Reynolds, the grantee, received actual notice of the existence

of this equitable mortgage, the lien of the equitable mortgage given by Vrooman attached to this part of the purchase-money, and the plaintiff had a right to have the same appropriated to that purpose, and that a judgment against Eben C. Reynolds for that amount should be affirmed.

APPEAL from a judgment entered in the office of the county clerk of Oneida county, on November 9, 1887, upon the trial of the action at the Oneida Special Term. The material facts are stated in the opinion.

*E. D. Matthews*, for the appellant Reynolds.

*F. C. Ingalls*, for the appellant Vrooman.

*Cookingham & Sherman*, for the respondent.

KENNEDY, J.:

William Miller died in 1843, the owner and in possession of certain real estate, a portion of which is that described in the complaint. He left a last will, which was afterwards proven before the surrogate of Oneida county, and the same was recorded in the office of the clerk of said county, as a will of real estate, on the 1st day of November, 1878. The following is the fifth clause in said will: "Fifth, One equal, undivided third part of the said rest and residue of my estate, real and personal, I give, devise and bequeath to my friend, William Broadwell, in trust, to pay the interest, rents, profits and increase, of whatever nature, to my daughter Eliza Ann, the wife of Adam Vrooman, to and for her sole use and benefit, discharged and free from all control of her present or any future husband; and I direct that the receipt or acquittance of said Eliza Ann shall be a sufficient voucher and discharge to the said Broadwell for the payment of any such interest, rents, profits or increase; and upon the further trust that upon the decease of the said Eliza Ann, the said William Broadwell shall and will convey and deliver the said estate, real and personal, and all the increase in his hands, to the right heirs then living of the said Eliza Ann; which said conveyance, as well as that before mentioned, to be made by the said Ithaca Thompson, shall be in fee, with the proper words of perpetuity to vest an estate of inheritance." The lands described in the complaint form the

above-mentioned trust estate. Eliza Ann Vrooman, the beneficiary named, from the death of Miller down to her death, which occurred on the 22d day of June, 1879, was in the actual occupation of the land. She left her surviving the defendant Henry J. Vrooman and Helen Reynolds, her only heirs-at-law and next of kin.

On the 17th of January, 1879, Henry J. Vrooman applied to the plaintiff for the loan by her to the said Eliza Ann Vrooman of the sum of $1,000. He represented at the time that said Eliza was the owner of the premises, and the money was loaned. To secure this the said Eliza Ann executed and delivered to the plaintiff the mortgage set forth in the complaint, describing the lands constituting the trust estate provided for in the above-mentioned clause in the deceased Miller's will. The interest was payable annually from January 1, 1879. The mortgage was recorded in the clerk's office in Oneida county on the 17th day of January, 1879. At the time the plaintiff lent the money and took the mortgage she did not know in whom the title vested, but supposed it to be in the mortgagor. The interest becoming due January 1, 1880, was not paid. About that time the plaintiff learned that said mortgagor had no title to the premises mortgaged, but that the same became vested in said Henry Vrooman and Helen Reynolds upon her death. She thereupon applied to said Vrooman for additional security; and he, on the 15th day of March, 1880, as is found by the court, executed and delivered to her the following paper:

"This agreement certifies that I, Henry Vrooman of Trenton, New York, do covenant and agree to and with Mrs. Abbie G. Watkins of Prospect, New York, that a certain mortgage for the sum of one thousand dollars, given about the 1st day of January, 1879, to the said Abbie G. Watkins by Eliza A. Vrooman, and which said mortgage was a lien on the premises therein described, is good for the face thereof, with interest; and the same is hereby made as against myself and my heirs, a lien on the said property in said mortgage described; and I further covenant and agree to pay the said sum of one thousand dollars and interest.

"(Signed.)      HENRY VROOMAN. [L. S.]

"March 15, 1880.

" ONEIDA COUNTY, *ss. :*

" On the 15th day of March, 1880, before me came Henry Vrooman, the person named in and described in the above paper, and acknowledged to me that he executed the same.

" A. E. JONES,
"*Justice of the Peace.*"

On March 18, 1880, this paper was recorded in the Oneida county clerk's office in the book of assignments and satisfactions; about July 30, 1880, the clerk copied said record into the book of mortgages, but not in its regular order.

The summons in this action was served on Vrooman about the 15th day of July, 1880. The defendants Reynolds were brought in as defendants May 9, 1881. On the 19th day of July, 1880, Vrooman conveyed all his interest in said lands to the defendant Eben C. Reynolds, for the consideration of $3,000. This deed was recorded July 30, 1880. On the 29th day of March, 1881, the defendants Eben C. Reynolds and Helen E. Reynolds, his wife, conveyed the whole premises to one Theodore Johnson, for $6,539.50. The $3,000 Reynolds was to pay Vrooman for his half was adjusted as follows: He assumed a mortgage on the land to one Hodges, for $1,165; a mortgage thereon to Spriggs & Matthews for $100; paid in cash $875; he was to pay to his wife and take up a note she held against the grantee Vrooman, dated April 14, 1876, for $400, amounting then to $520; one-half the funeral expenses, and a monument to Eliza Ann Vrooman, $100; he also agreed to pay to Mrs. Reynolds, his said wife, for the use of one-half of the farm, that and other debts sufficient in amount to make up the whole of the purchase-price. The court finds that Eben C. Reynolds, before he paid any part of the $860 on Vrooman's debt, had actual notice of the plaintiff's mortgage and of the above-mentioned agreement. Nothing has been paid upon the plaintiff's mortgage.

In her complaint the plaintiff asks relief upon several grounds: First. That the plaintiff's mortgage be adjudged a lien upon the premises described therein from the time of making the same and the said agreement of Henry Vrooman, and that the same be foreclosed. Second. That all the right title and interest which said defendant, Henry Vrooman, had in said premises on the 15th day

of March, 1880, be sold and the proceeds applied to pay the mort-
gage and costs.  Third. For a judgment against him for any defi-
ciency.  Fourth. That Eben C. Reynolds be declared to have pur-
chased of Vrooman, subsequent to the mortgage and agreement,
and that he acquired no title against the plaintiff by such purchase.
Fifth. That Vrooman be enjoined from receiving and Reynolds from
paying to him any of the purchase-money.  Sixth. For such other
and further relief as may seem just and equitable.

On the trial it was claimed by the appellant that a money judg-
ment could not be ordered in the case because not claimed in
the complaint.  The evidence given upon the theory upon which
the case was disposed of was sufficient to justify the granting of the
relief awarded.  It is a general rule in equity that the relief to be
administered will be adapted to the exigencies of the case as they
exist at the close of the trial.  (*Spears* v. *The Mayor of New York*,
87 N. Y., 359, 376; *Benedict* v. *Benedict*, 85 id., 625; *Day* v. *Town
of New Lots*, 107 id., 154.)  The court, upon conflicting evidence,
found that the defendant Henry J. Vrooman duly executed and
delivered the agreement of March 15, 1880.  We think this finding
justified by proof.  By this agreement, under seal and for sufficient
consideration, the said Vrooman covenanted and agreed to pay the
plaintiff $1,000 and interest, being the sum secured by said mort-
gage. . No good reason can be suggested why this obligation was not
incurred by him, and the whole of the mortgage remaining unpaid,
why the judgment against him for that sum, with interest, is not
just and fully warranted by the evidence; or why, within the rule
suggested as to the granting of relief in equity cases, it was not
properly adjuged against him.  The case shows no judgment against
the defendant Helen Reynolds.  She has joined with her husband
Eben C. Reynolds in the appeal; as to her the same should be
dismissed.

After this action was commenced the defendant Henry J. Vrooman
sold and conveyed his interest in the real estate described in said
mortgage to the defendant Eben C. Reynolds, by deed dated and
recorded as before stated.  The consideration for the deed was
$3,000; the grantee assumed the payment of two mortgages, liens
upon the lands, amounting to $1,265, and he paid the grantor, in
cash, $875; and out of the balance of the purchase-price he was

to pay a note his wife held against the grantor, the amount of which was $520; also one-half of the funeral expenses and other obligations owing by Vrooman, amounting to $340, being the balance of the purchase-price. For this sum, $860 of the purchase-money, with interest, judgment was ordered against the appellant Eben C. Reynolds, upon the ground that by the before-mentioned agreement of Henry J. Vrooman with the plaintiff, an equitable lien was created and attached to his interest in said real estate in behalf of the plaintiff, and as security for the payment of said mort-· gage debt; that the agreement to pay the debt and discharge the obligation of Vrooman by Reynolds not having been performed by him by making such payments before he had actual notice of the existence of said equitable lien, he was bound to account for that part of said purchase-money, and to pay the same over to her in discharge *pro tanto* of the mortgage debt.

Upon the death of Eliza Ann Vrooman, the *cestui que trust* in the will of William Miller, the trust terminated, and one-half of the trust estate passed immediately to Henry J. Vrooman, one of the two heirs-at-law of Eliza Ann, her surviving, freed from said life estate, until the death of Eliza, the interest of Henry J. was in the nature of a contingent remainder. The question whether this should ripen into an actual estate in fee depended upon the contingency of his surviving the life tenant. When that event occurred he became the absolute owner of an undivided one-half of the lands comprising said trust estate, and notwithstanding the provision in the will that upon the happening of this event the trustee was directed to convey the trust estate, real and personal, to the remainderman, no such conveyance was necessary to vest the title in him. The transfer was made by operation of the statute of uses. (3 R. S. [7th ed.], 2183, § 67; *In the Matter of the Petition of Livingston,* 34 N. Y., 555.) Henry J. Vrooman, therefore, was the owner in fee of an undivided one-half of the premises described in the plaintiff's mortgage at the time he entered into the above-mentioned agreement.

The contention by the plaintiff is, that by said agreement, as between him and the plaintiff, an equitable lien was created, by which his said portion was charged with the payment of said mortgage debt. The defendant Reynolds urges, upon the other hand, admitting the execution of the agreement, that the effect of it was

to convey an interest in the fee in said real estate, and because it was not executed pursuant to the requirements of the statutes in such case provided, nothing passed under it to affect his rights as a subsequent purchaser. The statute referred to provides: " Every grant in fee or of a freehold estate, shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent ; if not duly acknowledged previous to its delivery, according to the provisions of the third chapter of this act, its execution and delivery shall be attested by at least one witness, or if not so attested it shall not take effect as against a purchaser or incumbrancer until so acknowledged." (3 R. S. [7th ed.], 2194, § 137.) The agreement in question was not duly acknowledged, the officer failing to certify that he knew the person making the same. It was not attested by a witness. The claim by the appellant that the justice who took the acknowledgment may be regarded as an attesting witness is not tenable, since, if he did not know the maker and was not present at the time of its execution, he could not be regarded as a subscribing witness.

The question then presented is, what, if any, estate in the lands in question did the agreement effect? It is quite apparent that the most which can be claimed is that it amounted to an equitable mortgage, intended to secure by lien thereon the debt owing the plaintiff. If this is the only character to be given it, it would seem to follow that it was not a grant in fee, and did not convey a freehold estate. A mortgage upon real estate is a mere chose in action, a security of a personal nature alone, a pledging of the land as security for the payment of a debt. The fee does not pass to the mortgagee by virtue of the mortgage. (*Westbrook* v. *Gleason*, 79 N. Y., 23; *Kortright* v. *Cady*, 21 id., 343 ; *Power* v. *Lester*, 23 id., 527, 531 ; *Merritt* v. *Bartholick*, 36 id., 44; *Trimm* v. *Marsh*, 54 id., 599.) The agreement was, therefore, not an instrument conveying a fee and not within the provisions of the statute quoted. An equitable mortgage may be constituted by any writing from which the intention to create it may be gathered. (Miller on Equitable Mortgages, 1; *In the Matter of the Petition of Howe and Wife*, 1 Paige, 125 ; *Chase* v. *Peck*, 21 N. Y., 581; *Payne* v. *Wilson*, 74 id., 348.) The paper executed by the defendant Vrooman

created an equitable lien or mortgage upon his part of the land, and a security which could, therefore, be enforced.

This agreement not having been recorded, a subsequent purchaser of the premises in good faith, and without actual notice, would acquire a title free from such lien. The defendant Eben C. Reynolds, having become such purchaser, took his title unaffected by this equitable lien, and had he paid the full purchase-price before notice of its existence, no obligation to the plaintiff would have remained.

The court below has found that $860 of the purchase-price was unpaid at the time Reynolds, the grantee, received actual notice of the existence of this equitable mortgage. It was, by agreement, provided that he should pay this by assuming a debt owing his wife by the grantor, and certain other obligations against him. These the grantee has not, in fact, paid, and said balance of the purchase-price remains due and owing by him. The lien of the equitable mortgage of Vrooman attaches to this part of the purchase-money, and unless the agreement to assume the debts of the grantor above referred to operated as an actual appropriation of the same, equity will compel its payment in discharge of the mortgage debt.

Upon this question the court below found: "The consideration for said transfer from said Vrooman to Reynolds was made up as follows: Mortgages on land conveyed, $1,265; cash paid, $875; debts owing by the grantor, Vrooman, $860." He also finds that Reynolds, on the 31st day of July, 1881, and before the payment by him of any part of said $860, had actual notice of said mortgage and agreement, and of plaintiff's claim thereunder. These findings, do not, bring the case within the principle of *Lawrence* v. *Fox* (20 N. Y., 268), and kindred cases, asserting the doctrine that an action lies upon a promise made by the defendant upon a valid consideration to a third person for the benefit of the plaintiff, although the plaintiff was not privy to the consideration. There is no finding that the grantee Reynolds undertook or promised the grantor Vrooman to pay these debts, if they, in fact, existed, out of the consideration for the conveyance. So far as the rights of the plaintiff are concerned, defendant Reynolds still owes Vrooman $860; and to that sum in his hands the equitable lien attached in favor of the plaintiff upon her mortgage, and she had a right to have the same appropriated for that purpose. In the disposition made of the case, we

do not see how Johnson, the subsequent grantee of Reynolds and his wife, was a necessary party to the action.

Judgment against the appellants Henry J. Vrooman and Eben C. Reynolds affirmed, with costs; as against the appellant Helen Reynolds, the appeal is dismissed. without costs; order appealed from affirmed, without costs.

FOLLETT and MARTIN, JJ., concurred.

Order entered December 23, 1887, affirmed, without costs; appeal of Helen Reynolds dismissed, without costs; judgment against Henry J. Vrooman and Eben C. Reynolds affirmed, with costs.