(4 App. Div. 9.)

## TODD v. EIGHMIE.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

1. ESTOPPEL—RECITALS IN MORTGAGE.
   The heirs of a mortgagee are estopped by a recital in the mortgage that the mortgagee had previously conveyed the premises to the mortgagor to deny the existence of the deed.

2. MORTGAGE—RECITALS AS NOTICE OF PRIOR DEED.
   The record of a mortgage containing a recital of a prior deed from mortgagee to mortgagor is not notice to a subsequent purchaser of the existence of the deed.

3. DEED WITHOUT SEALS—RIGHTS OF GRANTEE.
   Though a deed without seals does not convey legal title it confers on the grantee as against the grantor an equitable right to a legal title.

4. SAME—RECORD AS NOTICE.
   A deed without seals may be recorded, since it affects title to real estate (1 Rev. St. p. 762, § 38), and, when recorded, is notice to all persons dealing with the property that the grantor has conveyed it.

5. SAME—CONSIDERATION.
   A recital of consideration in a deed is prima facie proof of payment of a valuable consideration.

Appeal from circuit court, New York county.

Action by Judson S. Todd against George D. Eighmie. From a judgment entered on a verdict for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George W. Van Slyck, for appellant.
R. H. Underhill, for respondent.

RUMSEY, J. On the 25th of February, 1893, the parties to this action made a contract by which the defendant agreed to sell to the plaintiff certain premises in the city of New York for the price of $29,000, to be paid by the plaintiff, and upon which, at the time of the execution of the contract, the plaintiff paid $1,000. After the contract was made, the plaintiff caused the title to be examined at an expense to him of $500, and thereupon he declined to complete the contract, and take a conveyance of the premises, alleging as a reason that the defendant did not have a marketable title to the property. He then brought this action to recover the amount of the deposit and the expense to which he had been put in the examination of the title. The action was tried at the circuit, and a verdict was ordered for the defendant, upon which the judgment appealed from was entered.

It is conceded by both parties that Ely Moore was the owner in fee of these premises down to December, 1827, and the defendant claimed title under Ely Moore. He produced, however, no deed from Ely Moore directly, but endeavored to establish the fact that a deed had been executed and delivered in the following way: He produced and put in evidence a mortgage from one Job Furman to Ely Moore, dated the 10th day of December, 1827, and properly recorded, mortgaging the premises in question to Moore to secure a sum of money, and containing the following recital: "Being the

same premises which were conveyed by said Ely Moore and Emaline, his wife, by their indenture bearing even date herewith, as by reference thereto will more fully appear." There was no other proof made of the existence of a deed by Ely Moore to Furman. The defendant deduced his title by a series of mesne conveyances from Furman. These conveyances were all properly recorded. In addition to that, the defendant produced a conveyance from the heirs of Ely Moore to one Motley, dated the 1st day of December, 1864, and recorded in January, 1865, reciting a consideration of $1,000 paid to the grantors. He also produced and put in evidence a deed from the heirs of Ely Moore to one Callaghan, dated in March, 1868, and recorded on the 22d day of April, 1868; and he produced and put in evidence a conveyance from Motley to Callaghan, and conveyances from Callaghan, through divers persons, to himself. This was the title upon which the defendant relied. It is quite apparent that, so far as the heirs at law of Ely Moore were concerned, these several conveyances gave to the defendant a perfect title to the premises. No element of proof was lacking to complete that title. Although the deed from Ely Moore to Furman was not produced, yet the recital in the Furman mortgage that the property had been conveyed by Moore and wife to Furman is sufficient proof of the deed which Moore had made to Furman, and the heirs of Moore were estopped to question the existence of that deed. Carver v. Jackson, 4 Pet. 1, 83; Dock Co. v. Leavitt, 54 N. Y. 35. That recital as against Moore and all persons privy to him operated as conclusive proof that the deed mentioned in it had actually been made and delivered. Torrey v. Bank, 9 Paige, 649. Therefore, except for the recording act, the title of the defendant was good as against all persons making an adverse claim to this property through Ely Moore. The plaintiff, however, insists that the outstanding conveyances which he claims are a cloud upon the defendant's title take precedence by virtue of the terms of the recording act, and for that reason the defendant could not convey a good title. At the foundation of the opposing title is a deed made by Ely Moore through his attorney to one Norton in 1848, and recorded on the 2d day of May, 1868. The power of attorney by virtue of which this deed was made was recorded at the same time with the deed. There are some defects in this power of attorney which it is not material to notice here. Norton conveyed to Hawkes by a deed which was also recorded on the 2d of May, 1868, and Hawkes mortgaged the property for a substantial amount, and that mortgage is still outstanding. The plaintiff claims that the record of the deeds from Furman by mesne conveyances to the defendant was not operative as against the deed to Norton, because, as there was no conveyance on record from Moore to Furman, these deeds did not give any notice that Furman derived his title from Moore. The rule undoubtedly is that the record of the mortgage from Furman to Moore, although it contained a recital of the deed from Moore to Furman, was no notice, under the recording act, to a subsequent purchaser, of the existence of the deed from Moore to Furman, which was mentioned in the recital.

Wade, Notice, § 207; Losey v. Simpson, 11 N. J. Eq. 246; Veazie v. Parker, 23 Me. 170. If that were all there was of the title of the defendant, it might be that the outstanding title would be the better one, because of the provisions of the recording act, which are that every conveyance not recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration of the same estate, whose conveyance shall be first duly recorded. 1 Rev. St. p. 756, § 1. The defendant, however, seeks to supply this defect by a reference to the deeds from the heirs of Ely Moore, each of which was recorded before the deed to Norton. The plaintiff says, however, that these deeds are neither of them effective. He claims that the deed of December, 1864, is inoperative either to convey property or to serve as notice to a purchaser whose deed was subsequently recorded because it had no seals. In this claim he is mistaken. Although that deed was not effective to convey the legal title, it was nevertheless good as between the parties to it, to vest in the grantee an equitable right to the property which would entitle him, as against the grantors, to have the legal title conveyed to him by a proper instrument. Tarbell v. West, 86 N. Y. 280; Todd v. Institution, 118 N. Y. 346, 23 N. E. 299; Grandin v. Hernandez, 29 Hun, 399. It was held in that case that such a deed might lawfully be recorded, because it affected the title to real estate (1 Rev. St. p. 762, § 38), and that, being so recorded, it was notice to all persons dealing with the property that the grantors had conveyed the property. If that be so, clearly Norton's grantee, Hawkes, when he took his conveyance, had constructive proof by the record of this deed that the heirs of Ely Moore had conveyed the property away, and therefore he could not have been a purchaser in good faith. But, if that were not so, still this deed, in conjunction with the deed from the same parties executed in March, 1868, was clearly sufficient to vest the legal title in the defendant. While the deed of December 1, 1864, was not operative to pass the legal title, yet it was, as we have seen, effective, as between the parties, to convey to the grantees named in it all the equitable rights which were necessary to entitle them to compel a conveyance of the naked legal title from the grantors. As such a conveyance it not only vested the grantees with the equitable interest in the property, but the recital of a consideration in it was prima facie proof of the payment by the grantee therein named to the heirs of Ely Moore of a valuable consideration for the premises. Wood v. Chapin, 13 N. Y. 509; Jackson v. McChesney, 7 Cow. 360; Lacustrine Fertilizer Co. v. Lake Guano & Feltilizer Co., 82 N. Y. 476. When, therefore, the heirs of Ely Moore made the subsequent conveyance in March, 1868, by which their title vested in Callaghan, who at the same time became the owner of the equitable interest transferred by their deed of December, 1864, they simply did what the law would have compelled them to do; that is, to transfer to the person holding the equitable right, which they had conveyed, a legal title which was necessary to perfect their conveyance. When that was done, Callaghan became the owner of the perfect legal title by two deeds, one of which passed the title, and the other, by its recitals, proved that he was a pur-

chaser in good faith; and, those deeds being thus recorded, make a perfect title as against any conveyance from Ely Moore subsequently recorded. The result of all these deeds together was that the defendant showed a title from the heirs of Ely Moore to a purchaser in good faith, fully protected by the recording act, on the 22d day of April, 1868. This title was conveyed to the defendant, and he then was the owner of these premises, not only by virtue of the Furman title, which was effective as against everybody except a subsequent purchaser whose deed was first recorded, but by virtue of the title from the heirs of Moore, which was recorded before the deeds under which Hawkes claims. There was, therefore, no defect in the defendant's title in any aspect in which it can be viewed. All the facts upon which this title depended appear by the record, and are necessarily established when the record is put in evidence. For that reason the title was not only a good one, but it was marketable (Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905), and the judgment dismissing the complaint was proper, and should be affirmed, with costs. All concur.