Isaac Davidson, Respondent, *v.* Henry E. Fox, Appellant.

*Building contract — agreement that the owner may give a mortgage for the final payment — it does not constitute an equitable mortgage nor an instrument which may be recorded — the record thereof will be canceled.*

A contract for the alteration of a building, containing a clause binding the contractor to take in lieu of final payment a second mortgage upon the premises, is not an equitable mortgage nor an "instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected." It is, therefore, not an instrument which is required to be recorded, and if it is recorded by the contractor the owner of the building may maintain an action under section 276 of the Real Property Law (Laws of 1896, chap. 547) to have it canceled of record.

Appeal by the defendant, Henry E. Fox, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of April, 1901, upon the decision of the court rendered after a trial at the New York Special Term.

*Edmund L. Mooney,* for the appellant.

*Henry A. Forster,* for the respondent.

Judgment affirmed, with costs, on opinion of court below.

Present — Van Brunt, P. J., Patterson, Ingraham, Hatch and Laughlin, JJ.

The following is the opinion of Freedman, J., delivered at Special Term :

Freedman, J. :

The cause of action in this case has been reduced by statement of counsel made upon the trial to an action to cancel of record a contract entered into between the parties herein, the plaintiff as owner and the defendant as contractor, for the alteration of a building, and which contract the defendant caused to be recorded in the office of the register of the city and county of New York as a conveyance affecting the title to the premises on which the building stood. The clause in the contract which the defendant claims gives to him the right to have it placed upon the record reads as follows : "And

when the entire work is completed the contractor shall take, in lieu of final payment, a 2d mortgage on the premises aforesaid for the balance of six thousand seven hundred and eighty-five dollars ($6,785) at 5%, to run for six (6) months, with the understanding that the said mortgage may be paid off at any time before the expiration of the six months, at the option of the owner, on ten days' notice in writing being given to the said party of the 2d part." This action was brought under the provisions of section 276 of the Real Property Law, which reads as follows:

"§ 276. **Actions to have certain instruments cancelled of record.**— An owner of real property or of any undivided part thereof or interest therein, may maintain an action to have any recorded instrument in writing relating to the same, other than those required by law to be recorded, declared void or invalid, or to have the same cancelled of record as to said real property, or his undivided part thereof or interest therein." (Laws of 1896, chap. 547.)

It will appear from a reading of the foregoing section that the only question to be determined in this case is whether or not the instrument recorded by the defendant is such an instrument as is not required by law to be recorded. The sections of the Real Property Law referring to conveyances and the recording of the same are as follows:

"§ 240. **Definitions; effect of article.**— * * * The term 'conveyance' includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected, including an instrument in execution of a power, and although the power be one of revocation only, except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands and an instrument containing a power to convey real property as the agent or attorney for the owner of such property. * * *

"§ 241. **Recording of conveyances.**— A conveyance of real property within the State on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated. Every such conveyance not so

recorded is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property, or any portion thereof, whose conveyance is first duly recorded."

"§ 244. **Recording executory contracts and powers of attorney.**—An executory contract for the sale or purchase of real property or an instrument containing a power to convey real property, as the agent or attorney for the owner of the property, acknowledged or proved and certified in the manner to entitle a conveyance to be recorded, may be recorded by the recording officer of any county in which any of the real property to which it relates is situated."

By those provisions only instruments whereby an estate or interest in real property is created, aliened, mortgaged or assigned, or by which the title to real estate may be affected, or executory contracts for the sale or purchase of land, and powers of attorney authorizing the sale of land, may be recorded. (*Gillig* v. *Maass*, 28 N. Y. 192, 212–215.) The agreement in question made between the parties herein cannot be construed so as to bring it within any of those provisions. The argument put forth by the counsel for the defendant, in his brief, that it may be deemed an equitable mortgage, is untenable. All that is contained in that clause of the contract referred to, and recorded by the defendant, is an agreement by him to take a second mortgage in lieu of the final payment thereunder. An equitable mortgage may be defined as a transaction which has the intent but not the form of a mortgage, and which a court of equity will enforce to the same extent as a mortgage (11 Am. & Eng. Ency. of Law [2d ed.], 123), and it has been held that an agreement for a mortgage is, in equity, a specific lien upon land. (*Payne* v. *Wilson*, 74 N. Y. 348.) But in the case at bar the plaintiff makes no agreement for a mortgage, the contract simply providing that he may make the final payment by giving a mortgage as therein provided, if he so desires, and binding the defendant to accept such mortgage in lieu of such final payment. The contract aforesaid, therefore, is not an equitable mortgage, nor is it an "instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected," and is not required to be recorded. The plaintiff must have judgment, with costs.