(100 App. Div. 311)

### MATHEWS v. DAMAINVILLE et al.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. EQUITABLE MORTGAGE—CONSTRUCTION OF CONTRACT.

Under Real Property Law (Laws 1896, p. 607, c. 547), § 240, defining a conveyance as a written instrument by which an estate or interest in real property is created, transferred, mortgaged, or assigned, or by which the title to any real property may be affected, an instrument made by a debtor to his creditor, stating that he is owner of certain real estate, against which foreclosure proceedings were pending, and agreeing that as additional security he "hereby assigns and sets over to the" creditor all sums remaining due him from the foreclosure proceedings, or, if the foreclosure proceedings be discontinued, then, on demand, to execute a proper bond and mortgage to secure the payment of the debt within six months, is, though recorded, a mere executory contract to give a mortgage on the happening of an event in the future, and not an equitable mortgage.

2. RECORD—CONSTRUCTIVE NOTICE.

The record of an executory agreement to make a mortgage on the happening of an event in the future is not notice to a subsequent purchaser or mortgagee.

3. ATTORNEY AND CLIENT—NOTICE—BURDEN OF PROOF.

To affect a client with his attorney's knowledge of the existence of an incumbrance, which knowledge the attorney acquired in some other transaction, not relating to the business of his client, the burden is on the person claiming the existence of such knowledge to show that it was present in the mind of the attorney at the time he acted for his client.

Patterson and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Wilbur K. Mathews against Ludovic Damainville and others. From a judgment for plaintiff (89 N. Y. Supp. 493), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

F. R. Minrath, for appellants.

Henry M. Earle, for respondent.

INGRAHAM, J. The nature of the action and the question presented are stated in the opinion of Mr. Justice PATTERSON. I do not concur in the view that the instrument of March 20, 1899, was within the recording act, and its record, therefore, constructive notice to subsequent purchasers. Section 240 of the real property law (chapter 547, p. 607, Laws 1896) defines a conveyance as being any written instrument by which any estate or interest in real property is created, transferred, mortgaged, or assigned, or by which the title to any real property may be affected. This instrument, when executed and recorded,

neither created, transferred, mortgaged, nor assigned an estate or interest in real property. It was an executory agreement, whereby, upon the happening of a certain contingency, namely, the discontinuance of the foreclosure suit, the plaintiff was to receive a mortgage to secure the amount due him. Until the happening of that contingency the real estate was not affected at all by the instrument. This instrument appears to have been recorded on the 4th of April, 1899, and the foreclosure action was not discontinued until April 21, 1899, and it was on that day that the plaintiff was entitled to demand a mortgage. Thus, when recorded, this instrument was a mere executory contract to give a mortgage upon the happening of an event in the future. It was not then an equitable mortgage, as it created no lien upon property, and no action could have been commenced to enforce it. A different question would have been presented if, at the time the instrument was recorded, the plaintiff's right to a mortgage was absolute, and he then could have maintained an action to foreclose the equitable lien. There was nothing in the decision of the question before the Appellate Division in the Third Department in People ex rel. Mathews v. Woodruff, 75 App. Div. 90, 77 N. Y. Supp. 722, that affects this question. The court there held that this agreement after the discontinuance of the foreclosure suit, and when the plaintiff's right to a mortgage had accrued, was, as between Mrs. Romeyn and the relator, Mathews, the plaintiff in this action, to be treated in equity as an equitable mortgage, which could be enforced as such. The question now is whether it was an equitable mortgage when the instrument was recorded; that is, before the foreclosure suit was discontinued. In that case it was held that Mrs. Romeyn's obligation to give the mortgage whenever she was asked to arose upon the discontinuance of the foreclosure suit, and that by the delay of the plaintiff to demand the mortgage he took the chance of some bona fide purchaser intervening, but so long as no intervening equity arose the plaintiff could enforce the promise against Mrs. Romeyn, unless the debt was otherwise discharged. The record of the instrument not being notice, the plaintiff must show actual notice of the agreement for a mortgage to subject the property in the hands of the defendant to the equitable lien. It seems to be conceded that no personal notice was given to Mrs. Decker, but it is claimed that as to her her attorney had notice of the mortgage, and that Mrs. Decker is chargeable with that notice. Mr. Minrath, the attorney for Mrs. Decker, testified that he first knew of the parties to this action at the date of making the first mortgage to Emma Decker in November, 1901; that at that time he did not search the title, knowing that the loan commissioners had made a conveyance to Damainville, and that he thought that was definite enough under the circumstances; that this mortgage was delivered on the 4th of November, 1901, and then recorded; that it was the latter part of December of the same year that Damainville brought to his notice this agreement; that he then first became aware of the existence of this supposed lien; that prior to the time he had knowledge of this agreement the property had been sold at public auction, and Mrs. Decker had become the purchaser at this sale, but that deed was delivered on the 30th of December, 1901, a few days after the witness had notice of the record of this instrument. The sole testi-

mony that connects Mrs. Decker with this instrument is that when her attorneys are acting for Damainville he had notice of it, and on behalf of Damainville endeavored to secure a release from it from the plaintiff. Notice of the execution of this instrument was not acquired by the attorney in any way while acting for Mrs. Decker or on her behalf. The instrument was not brought to his attention as attorney for Mrs. Decker, nor is there any evidence that he had it in mind as affecting this property when the deed was delivered to Mrs. Decker. As I understand the rule, to bind a principal with the knowledge of his attorney which the attorney had acquired in some other transaction, not relating to the business of his client, the burden is on the person claiming such notice to show that knowledge of the instrument was present in the mind of the attorney at the time he acted for his client. Constant v. University of Rochester, 111 N. Y. 611, 19 N. E. 631, 2 L. R. A. 734, 7 Am. St. Rep. 769; Denton v. Ontario County Bank, 150 N. Y. 137, 44 N. E. 781. Thus, in Constant v. University of Rochester the court say:

"From all these various cases it will be seen that the farthest that has been gone in the way of holding a principal chargeable with knowledge of facts communicated to his agent, where the notice was not received or the knowledge obtained in the very transaction in question, has been to hold the principal chargeable upon clear proof that the knowledge which the agent once had, and which he had obtained in another transaction, at another time, and for another principal, was present to his mind at the very time of the transaction in question. * * * But the burden is upon the plaintiff to prove clearly and beyond question that he did, and it is not upon the defendant to show that he did not. have such recollection. * * * The plaintiffs are bound to show by clear and satisfactory evidence that when this mortgage to the university was taken by Deane he then had knowledge, and the fact was then present to his mind, not only that he has taken a mortgage to Constant, eleven months prior thereto, on the same premises, which had not been recorded, but that such mortgage was an existing and valid lien upon the premises, which had not been in any manner satisfied. If he recollected that there had been such a mortgage, but honestly believed that it was or had been satisfied, then, although mistaken upon that point, the university could not be charged with knowledge of the existence of such mortgage."

I think in this case the plaintiff has failed to sustain this burden of proof, and has failed to show that the knowledge acquired by Mrs. Decker's attorney in another transaction in which Mrs. Decker was not interested was chargeable to Mrs. Decker, and that she thereby became a bona fide purchaser for value, and this agreement cannot be enforced as against her.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

PATTERSON, J. (dissenting). The defendants appeal from a judgment of foreclosure and sale, which was entered in favor of the plaintiff after a trial of the action at Special Term. On the trial the following facts were established: The plaintiff is the assignee of an instrument executed by Harriette S. D. Romeyn in favor of the firm of Mathews, Grange & Co., in and by which instrument it is declared

that she was indebted to Mathews, Grange & Co. in the sum of $2,000, and that she held and bound herself to pay that firm such sum of money. The instrument is in the form of a bond, but it also contains a statement that the obligor is the owner in fee of certain real estate in the city of New York, and that foreclosure actions were pending affecting such property, and she stipulates and agrees that:

"As additional security for the obligation above mentioned, she hereby assigns and sets over to the said Mathews, Grange & Co., out of the residue or from any and all sum or sums remaining due to her from said foreclosure proceedings, an amount equal to the amount due said Mathews, Grange & Co., and the referee or any other party holding said sum is hereby authorized to pay said amount to said Mathews, Grange & Co., their executors, administrators or assigns, upon demand. In the event that said foreclosure proceedings should for any reason be set aside, or discontinued, then it is further agreed by the said Harriette S. D. Romeyn that upon demand she will execute a proper bond and mortgage to secure the said Mathews, Grange & Co. the payment within six months of such amount as shall to that date be due them."

The foreclosure suits mentioned in the instrument were discontinued. Mathews, Grange & Co. were not paid the indebtedness due them. The owner of the premises conveyed them to George W. Bowers, who mortgaged them to the Loan Commissioners of the United States for the State of New York, who conveyed them to Ludovic A. Damainville, the defendant, who (when he took title) executed an instrument in which he declared that he took the land subject to whatever rights the plaintiff might have therein. Subsequently Damainville executed mortgages to the defendant Decker, and finally conveyed the property to her. The identical instrument which lies at the foundation of this action has been declared to be an equitable mortgage. People ex rel. Mathews v. Woodruff, 75 App. Div. 90, 77 N. Y. Supp. 722. It was there held that it constituted a valid lien superior to claims subsequently arising of parties having notice thereof. It appears by the evidence that every grantee of the premises, unless Mrs. Decker is to be excepted, had actual notice of the existence of this equitable mortgage. Actual personal notice to Mrs. Decker is not proven, but it is shown that before she took title to the premises her attorney at law knew of the existence of the equitable mortgage. Notice to the attorney may be considered as notice to the client. But it is unnecessary to rest the decision of the case on that proposition. The instrument was put on record, and it thus became notice to all persons dealing with the property described therein. It was an instrument that might be recorded under the recording act. Section 241 of the real property law provides that a conveyance of real property within the state, acknowledged in a certain manner, may be recorded in the office of the clerk of the county where the property is situated. Section 240 of the same act defines a conveyance as being any written instrument by which any estate or interest in real property is created, transferred, mortgaged, or assigned, or by which the title to any real property may be affected. The equitable mortgage certainly affects real property, and it has been held that the registration of an equitable mortgage is notice to any one who subsequently takes the property. Parkhist v. Alexander, 1 Johns. Ch. 394; Hunt v. Johnson, 19 N. Y. 279; Todd v. Eighmie, 4 App.

Div. 9, 38 N. Y. Supp. 304; Thomas on Mortgages, § 50; Watkins v. Vrooman, 51 Hun, 175, 5 N. Y. Supp. 172.

The plaintiff's equitable lien being prior in time to the interests in the land acquired by the defendants, and they having actual or constructive notice of the existence of the equitable mortgage, the judgment of the court below was correct, and should be affirmed, with costs.

LAUGHLIN, J., concurs.