John Puglisi, Plaintiff, *v.* Nathan Belasky and Max Mininson, Defendants.

Supreme Court, Kings Special Term for Trials, March, 1922.

**Real property — recording executory contract of sale as mortgage — right of subsequent purchaser to have it removed from the records under § 329, Real Property Law.**

An executory contract for the sale of real property is not a " conveyance " within the meaning of section 290(3) of the Real Property Law, is not entitled to be recorded under section 290 of said statute, and the recording thereof is not constructive notice to subsequent purchasers.

A contract to convey in terms made all payments on account and the reasonable expense of the examination of the title liens upon the premises and provided that such liens should not continue after default by the purchaser. The register of the county of Kings recorded the contract of sale as a mortgage. The owners of the property defaulted on the law day. In an action by one who acquired title to the property after the contract of sale had been recorded, to have it removed from the record, *held*, that the contract was not a mortgage and was not entitled to be recorded as such and since it was not acknowledged it could not be properly recorded.

Though the record of the contract did not constitute a cloud upon the title the action would lie under section 329 of the Real Property Law.

Even though it was conceded that the then owners of the property defaulted on the law day and it was undisputed that the defendant had expended upwards of $100 in the examination of the title, the plaintiff was entitled to judgment.

Suit to have instrument recorded as mortgage removed from county clerk's records.

*Soloman S. Leff*, for plaintiff.

*Joseph W. Gottlieb*, for defendants.

Lazansky, J. The owners of certain premises contracted to convey the same to the defendant Belasky who assigned his interest in the contract to defendant Mininson. By the terms of the contract $500 was paid at the time of the delivery thereof. June twelfth was named as the law day. By agreement of the parties it was adjourned to July tenth. The contract provided: " All sums paid on account of this contract and the reasonable expense of the examination of the title to said premises are hereby made liens thereon, but such liens shall not continue after default by the purchaser under this contract." On June eleventh, pursuant to the demand of defendant Belasky, the register of the county of Kings recorded the said contract as a mortgage. It is conceded that the owners of the property defaulted on the law day. It is not disputed that the defendants expended upwards of $100 in examining the title. On March 21, 1921, the plaintiff became the owner of the premises in question by a deed delivered to him by one Gevetin, who received his title from the owners on or about

July 10, 1920. The plaintiff seeks, among other things, to have the contract recorded as a mortgage removed from the records. An executory contract of sale of real property is not a conveyance within the meaning of subdivision 3, section 290 of the Real Property Law. It is expressly excluded therefrom. The contract, therefore, cannot be recorded under section 291 of the Real Property Law. This contract provides that all sums paid on account thereof and the reasonable expense of the examination of the title are made liens upon the property. The provision with reference to sums paid on account does not change the character of the document. That provision is simply expressive of existing equitable principles, and the vendee's rights would have been the same had the provision been omitted. *Elterman* v. *Hyman,* 192 N. Y. 113. It has been held that this equitable lien does not extend to expenses incurred in the examination of title. *Hugel* v. *Habel,* 132 App. Div. 327; *Occidental Realty Co.* v. *Palmer,* 117 id. 505. The provision with reference to the creation of a lien for expenses does not bring the instrument within the purview of subdivision 3 of section 290 of the Real Property Law. It does not create any estate or interest in real property nor is the title affected by it. The instrument was recorded before the law day. It, therefore, merely provided for an equitable lien in the event of the default of the vendor. *Mathews* v. *Damainville,* 100 App. Div. 311. This contract was not entitled to be recorded as a mortgage. Furthermore, the instrument, a copy of which is attached to the complaint, was not acknowledged. For that reason it was not entitled to be recorded either as a record of conveyance or as a contract. Real Prop. Law, §§ 291–293; *Irving* v. *Campbell,* 121 N. Y. 353; *Fryer* v. *Rockefeller,* 63 id. 268; *Gross* v. *Rowley,* 147 App. Div. 529. The record of an instrument not entitled to be recorded, or the record of an instrument recorded not as it should be recorded, is not constructive notice. *Gillig* v. *Maass,* 28 N. Y. 191; *Bradley* v. *Walker,* 138 id. 291; *Mutual Life Insurance Co.* v. *Nicholas,* 144 App. Div. 95. An instrument recorded in the wrong book is not constructive notice. *Howells* v. *Hettrick,* 13 App. Div. 366. Under section 294 of the Real Property Law this contract could be recorded as such. A contract of sale does not of itself constitute an incumbrance or lien upon real estate or a cloud upon title, and the record of it in no way adds to its force or validity. *Boyd* v. *Schlesinger,* 59 N. Y. 301; *Washburn* v. *Burnham,* 63 id. 132. In those cases it was held that the record thereof is not constructive notice and that no action can be maintained to cancel it as a cloud upon title. In the two cases cited it seems that the instrument was recorded as a contract. Since the record was not

22

constructive notice, it would not become necessary for a person examining the title to pay any attention to the record of such a contract. Different sets of books must be provided by the recording officer for the recording of deeds and mortgages. Real Property Law, § 315. There does not seem to be any provision in the Real Property Law for books in which contracts of sale are to be recorded. The only purpose of recording such contracts is to preserve evidence and to facilitate proof. *Washburn* v. *Burnham, supra; Boyd* v. *Schlesinger, supra.* In examining the title in the case at bar a purchaser would find a record of this contract as if it were a mortgage. This would necessitate his reading the document. He would thus have actual notice of the existence of the contract. This would notify him that the defendants were the equitable owners of the property and had a vendee's lien. *Elterman* v. *Hyman, supra.* If such purchaser took title he would take subject to these equities. 2 Warvelle Vendors [2d ed.], § 711; *Ihrke* v. *Continental Life Ins., etc., Co.,* 91 Wash. 342; L. R. A. 1916, F. 430; *Champion* v. *Brown,* 6 Johns. Ch. 398; 27 R. C. L. 629. Thus the vendee would force upon the world actual notice of that which even by the act of the legislature was not intended to be constructive notice. I do not think that the vendee should be permitted to do that for which the law makes absolutely no provision. Furthermore, I think that this action can be maintained to have the record of this instrument canceled as a mortgage under section 329 of the Real Property Law, which provides: " An owner of real property or of any undivided part thereof or interest therein, may maintain an action to have any recorded instrument in writing relating to the same, other than those required by law to be recorded, declared void or invalid, or to have the same canceled of record as to said real property, or his undivided part thereof or interest therein."

The instrument in question was not required by law to be recorded in order to give notice to subsequent purchasers. It might be recorded, but such record has no effect in so far as notice is concerned. It could not be properly recorded as a mortgage. As pointed out above, the mere recording of an executory contract of sale is not constructive notice, and no action may be maintained to cancel it as a cloud upon title. This section, however, gives relief without consideration of the equitable principles considered in the cases cited. The section not only permits an action to have the instrument declared void, but warrants an action to have the instrument canceled of record when it is not required by law to be recorded. The instrument in question is not a mortgage and is not required by law to be recorded as such, and since it was without acknowledgment it could not be properly recorded. Section 329

of the Real Property Law covers such a situation even though the record may not constitute a cloud upon title. *Davidson* v. *Fox*, 65 App. Div. 262. Plaintiff is entitled to judgment as indicated. Submit decision and judgment. No costs.

Judgment accordingly.