OSCAR CARLSON, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action for personal injuries the plaintiff has recovered a judgment on the theory that a door of a subway train closed when he was partly within the car, catching his leg and arm and part of his clothing. He freed his leg and arm but was dragged by his clothing and injured. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event. In our opinion the verdict is against the weight of the credible evidence. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

WILLIAM H. CHAPMAN, Appellant, v. JOHN KUZMECH and Others, Defendants. FRANK A. LAWRENCE, Respondent.— Order granting respondent's motion to set aside a foreclosure sale and directing a resale upon conditions affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

WENTWORTH F. CHAPMAN, Appellant, v. LONG ISLAND DAILY PRESS PUBLISHING CO., INC., WILLIAM F. HOFMANN, SAMUEL L. NEWHOUSE and MATTHEW NAPEAR, Respondents.— Action for libel. Judgment for the defendants unanimously affirmed, with costs. In view of the jury's verdict in favor of the defendants other than Hofmann, the dismissal as to the latter presents no practical question. (*Featherston* v. *N. & C. Turnpike*, 71 Hun, 109, 111; *Wolf* v. *Kenyon*, 242 App. Div. 116; *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Freeman on Judgments* [5th ed.], § 469, pp. 1031, 1032.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

COMFI HOMES CORP., Plaintiff, v. ISIDORE GOLDSMITH, Defendant.— Submission of a controversy on an agreed statement of facts. Plaintiff and defendant are respectively seller and purchaser under a contract for the sale of a certain parcel of real property. The defendant purchaser claims that plaintiff's title is unmarketable because of the effect of a deed dated November 5, 1868, and recorded June 1, 1869, from Phoebe and Michael McGee to Rose Dunn which contained a reference to an unrecorded deed made by plaintiff's predecessor in title on October 6, 1868, and because of a mortgage executed by Rose Dunn to Patrick McTeague dated March 26, 1873, and recorded April 3, 1873. These instruments had no effect upon the validity of plaintiff's title due to the Recording Acts and the effect thereof upon plaintiff's precedessor in title. (*Todd* v. *Eighmie*, 4 App. Div. 9; *People's Trust Co.* v. *Tonkonogy*, 144 id. 333; *Buffalo Acad. of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242.) It is unnecessary to pass upon the effect of the judgment in the partition action entered September 21, 1937, on the title to this property. Judgment unanimously directed for plaintiff, with costs. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.