■ GEORGE L. MAILLOUX, Appellant, v ROBERT A. SPUCK et al., Defendants, and CITY AND COUNTY SAVINGS BANK, Respondent. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered October 14, 1981 in Albany County, which granted defendant City and County Savings Bank's motion for summary judgment as to plaintiff's cause of action for an equitable lien on real property. On September 1, 1976, defendant Robert Spuck and plaintiff executed a written contract for the sale to Spuck of certain real property owned by plaintiff at a price of $70,000. This contract provided that plaintiff was to take back a noninterest bearing mortgage in the amount of $70,000, payable at $300 per month for 36 months, with the total outstanding balance payable upon the 37th month. The parties retained the right to renegotiate payments concerning the mortgage in the 37th month. At the closing on September 20, 1976, plaintiff executed and delivered a deed to the property to Spuck and his wife and received as consideration a document executed by Spuck entitled "Bond". This bond, in the amount of $70,000, was payable in 36 monthly installments of $300 with the balance payable upon the 37th month. It was also provided therein that if the obligor, using due diligence, could not obtain a mortgage upon the premises from an insured bank in New York State in the 37th month, the payments would continue pursuant to the terms of the bond until it was paid in full. Plaintiff, at the closing, also signed a disclosure statement in which he stated "I am aware that a mortgage is not being executed or filed upon this property and that the personal signature of the purchaser, Robert Spuck, is the collateral which I am receiving for this Bond." The deed was recorded on September 20, 1976, but the bond was not recorded. In November, 1976, the Spucks obtained a mortgage loan on the property of $50,000 from defendant City and County Savings Bank. None of this amount was paid over to plaintiff. The 36 monthly payments were made to plaintiff and when no further payments were made he instituted the present action. In his third cause of action, plaintiff alleged that the transaction occurring on September 20, 1976 resulted in his acquiring an equitable mortgage on the real property with priority over the $50,000 mortgage to

defendant bank. Plaintiff also sought foreclosure of this equitable mortgage. Defendant bank moved for summary judgment dismissing the third cause of action as against the bank. Special Term granted defendant's motion and dismissed plaintiff's third cause of action on the ground that plaintiff failed to show any actual or constructive notice to the bank of the existence of the alleged equitable mortgage. This appeal ensued. An equitable mortgage has been defined as a transaction which has the intent but not the form of a mortgage, and which a court will enforce in equity to the same extent as a mortgage (*Davidson v Fox,* 65 App Div 262). On its motion for summary judgment, defendant bank submitted clear evidence nullifying plaintiff's allegation that a mortgage was intended by the transaction on September 20, 1976. Where, as in the present case, the moving party has demonstrated its right to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial or tender an acceptable excuse for his failure to do so (*Zuckerman v City of New York,* 49 NY2d 557). In our opinion, defendant bank established on its motion that no equitable mortgage existed and plaintiff failed to demonstrate a triable issue in this regard. The fact that Special Term did not rely on the theory that plaintiff failed to demonstrate a factual issue as to the existence of an equitable mortgage does not preclude this court from basing its affirmance upon this ground (see *Logan v Guggenheim,* 230 NY 19; 10 Carmody-Wait 2d, NY Prac, § 70:423, pp 693-695). Consequently, the order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur.