(13 App. Div. 366.)

HOWELLS v. HETTRICK.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

VENDOR AND PURCHASER—NOTICE OF UNRECORDED INSTRUMENT—EVIDENCE.

A finding that defendant took a deed without notice of a prior misrecorded assignment to plaintiff will be set aside, as against the weight of evidence, where it is supported only by defendant's denial of notice, to which is opposed the testimony of two disinterested witnesses,—one that he had told defendant of the assignment when it was made, and the other that, before the deed was given, defendant said that he wished to get his claims against the grantor into judgment as soon as possible, to make an assignment which he had from grantor good against another assignment, and get ahead of a suit then pending; it appearing that defendant had an assignment from the grantor subsequent to plaintiff's, that at the time of the conversation a suit by plaintiff to liquidate the amount due on his assignment was pending, and that defendant thereafter put his claim in judgment with all possible speed, and took the deed in satisfaction of the judgment. Van Brunt, P. J., and Barrett, J., dissenting.

Appeal from special term, New York county.

Action by Kate Howells, as administratrix of the estate of William H. Howells, deceased, against Matthew Hettrick, to have an assignment to plaintiff's intestate declared a superior lien to a deed to defendant, and to have a fund resulting from the property assigned awarded to plaintiff. From a judgment entered on a decision of the trial judge in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George W. Dease, for appellant.

Charles Fox, for respondent.

PATTERSON, J. This action was brought to have a certain assignment of the interest of one Margaret W. Hettrick in the estate of John H. McCunn (which assignment was made and delivered to the plaintiff's intestate in 1879) judicially declared to be a superior lien to a claim made upon the same interest by the defendant, and also to have it adjudged that the sum of $2,000, representing that interest, and in the hands of a depositary, belongs to the plaintiff, and should be awarded to her in this action.

The evidence discloses that Margaret W. Hettrick became indebted, prior to August 21, 1879, to William H. Howells, the plain-

tiff's intestate, for merchandise sold and delivered, and, on the date mentioned, an assignment in form was executed and delivered by Margaret W. Hettrick to the plaintiff's intestate of her interest in the McCunn estate, and it is specifically stated to be an interest to the extent of $2,000 which was thus assigned. It was expressly stated that the instrument was given merely as collateral security for indebtedness incurred and to be incurred. The instrument was recorded on the 12th of November, 1880, but it was erroneously recorded; that is to say, in the book of conveyances in the register's office, and not in the book of mortgages. By a judgment obtained in October, 1882, the amount of the indebtedness of Margaret W. Hettrick to the plaintiff's intestate was ascertained and liquidated at the sum of $2,391, and upon that judgment execution was issued and returned unsatisfied. In September, 1882, Margaret W. Hettrick made another assignment as collateral security of her interest in the McCunn estate; such assignment being to the defendant in this action. The same error was made with reference to the recording of this second instrument, it likewise being recorded as a conveyance and not as a mortgage. The amount of the interest of Margaret W. Hettrick in the McCunn estate was subsequently realized in the form of money derived from a sale of the property in a partition suit, and the claim of the plaintiff is to priority in lien and right of payment of the $2,000 out of the money referred to.

The defendant, Matthew Hettrick, sets up, with reference to his assignment, that he took the same only as collateral security, and he does not claim directly under it; but he avers that he did, on or about the 26th of September, 1892, without notice, either actual or constructive, of the assignment to William H. Howells, and for a valuable consideration then given, purchase from Margaret W. Hettrick her interest in the McCunn property, referred to in her assignment to the plaintiff's intestate, and that on the 26th of September, 1892, he (the defendant) received a full covenant deed of her interest in such property, which was duly recorded in the office of the register of the city and county of New York, and that he entered into possession under such deed, and remained so until the sale in partition above referred to. The case is therefore presented of the conflicting rights of one party claiming under an unrecorded instrument, and another party claiming the same interest under a subsequent, but recorded, conveyance.

That the misrecording of the assignment from Margaret W. Hettrick to the plaintiff's intestate was ineffectual to charge a bona fide purchaser or incumbrancer with constructive notice is so clear that it cannot be controverted. Gillig v. Maass, 28 N. Y. 215. But the question remains whether the defendant comes within the designation of a bona fide purchaser. So far as his assignment is concerned, that was taken as collateral security; but he claims subsequently to have received an absolute conveyance or deed for a consideration then presently passing from him to the grantor. That consideration seems to have consisted merely in the relinquishment of his right to enforce a judgment which he recovered for a certain

indebtedness.   Without stopping to consider the sufficiency, in law, of the consideration which the defendant claims supports the conveyance to him, the evidence in the case establishes that the defendant is not a bona fide purchaser, because he had actual notice, when he took his deed from Margaret W. Hettrick, of the outstanding assignment and lien of Howells upon Margaret's interest, to the extent of $2,000.

In the first place, there is the testimony of the witness McComb, who made the original arrangement in 1879 by which the assignment of the $2,000 interest was to be given as security to Howells for merchandise to be supplied.   That arrangement was made with George Hettrick, the brother of the defendant, and the father of Margaret W. Hettrick.   This witness testifies that he met Matthew Hettrick, the defendant, shortly after the transaction was completed, and the assignment given to Howells, and that he and Matthew Hettrick talked the matter over, and he told Matthew Hettrick what was done, and how it was done, and Matthew Hettrick said that he was glad that it was done.   The witness says: "I told him that the bill for the back feed and the month preceding,—that was secured by this $2,000.   I mean the assignment,—$2,000, secured on Judge McCunn's estate."   The witness again testified that, in May, prior to the trial of this action, he had a conversation with the defendant, and that he then recalled to him what he (the witness) testified to, as above stated, and that he went over the matter with him again, and that Hettrick said he remembered something about it,—"it was so long ago that he had forgotten,"— and that the defendant then remarked that the witness knew more about the case than he (the defendant) did.   There is also testimony of Mr. Holberg with respect to the knowledge of the defendant of the existence of the assignment to Howells, and of his having that knowledge prior to his taking the conveyance.

It is evident, from the testimony, that some time in 1892 the defendant became anxious respecting the situation of a claim he had against his niece, and that through his attorneys he attempted to put that claim in such a position that it could be protected against something.   Mr. Holberg says that he heard a conversation, to which the defendant was a party, in which the defendant stated that he had a claim for $2,300 or $2,400, and that he wanted it put in judgment very promptly, and was told that the speediest way to do it was to get a judgment in the marine court, but that court's jurisdiction was limited to $2,000.   Thereupon the defendant waived all of his demand in excess of $2,000, but he incidentally mentioned that there was a suit pending before a referee, and that the referee was about to make a report, and that he wanted to get his judgment in before the referee could make a report in that case. Now, the only suit that was pending before a referee was the suit of Howells against Margaret W. Hettrick, in which suit the amount of Howells' claim was to be fixed.   The referee's report is dated October 9, 1892.   It is therefore clear that the defendant was making an endeavor to get a judgment which should have priority over

one which Howells was seeking to obtain, manifestly for the purpose of liquidating the amount for which he might enforce the assignment held by him as security.

That would not necessarily indicate knowledge on the part. of the defendant, unless it be shown that he knew that such a security existed, and that he did so know was shown by McComb; but it is also shown by the testimony of Holberg, which has much more probative force than was given it by the learned judge in the court below. Not only does he testify to the desire of the defendant to secure his judgment in advance of Howells, but Mr. Holberg, who is evidently an unimpeachable witness, and entirely disinterested, says that there was a conversation with reference to making the defendant's assignment valid; that is, "to make good and valid some assignment." That effect of the testimony of Holberg, and what both the witness and the court understood that testimony to be, appears distinctly on the record. The question was asked: "It was to get this assignment in ahead of some other suit that was against it?" This question was objected to, and the court remark-ed: "I think he explained it. He says, as he remembers it, that this suit was prosecuted for the purpose of making the assignment valid which had been given, and to affect another assignment which was also existent at that time." The court stating that to be the effect of the testimony of the witness, the witness himself adopts it, and adds the statement, "And to get ahead of another suit which was before the referee, and they expected a judgment to be entered." The witness also testified that he was clear that there was talk about an assignment for $2,000, and the only assignment for $2,000 mentioned in the case is the assignment from Margaret H. Hettrick to the plaintiff's intestate; the one she made to the defendant being for $2,375. The defendant's denial of notice, in the face of all this testimony of disinterested and unimpeached witnesses for the plaintiff, is worthless, and should not have been allowed to prevail to defeat what appears to be a just and honest claim of the plaintiff.

The judgment appealed from should be reversed, and judgment entered declaring that the plaintiff's assignment, although not recorded, has priority over the defendant's assignment and deed, because of his taking the same with actual notice of the rights of the plaintiff's intestate; and it should be adjudged that the moneys in the hands of the trust company, and now claimed by the plaintiff as applicable to her assignment, be awarded and paid over to her, and that she recover the costs of this action.

RUMSEY and WILLIAMS, JJ., concur. VAN BRUNT, P. J., and BARRETT, J., dissent.