### DRYER v. HOPPER, Register, et al.   (No. 5816.)

(Supreme Court, Appellate Division, First Department.   May 29. 1914.)

TAXATION (§ 75*)—MORTGAGES—RECORDATION—WHAT CONSTITUTES.

Tax Law (Consol. Laws, c. 60) § 253, provides for a tax upon the debt secured by any mortgage, and Real Property Law (Consol. Laws, c. 50) § 320, declares that a deed, conveying real property which by any other instrument appears to be only security in the nature of a mortgage, although absolute in terms, is a mortgage. A wife executed a deed conveying property to trustees for the benefit of the creditors of her husband, the deed referring to an agreement which required the trustees to sell the property, discharge the husband's debts, and return any balance to the wife. *Held*, that, as Real Property Law, § 96, authorizes conveyances on express trusts to sell real property for the benefit of creditors, the deed was not a mortgage, there being no defeasance and the provision for payment of the surplus proceeds to the wife in no way enlarging the duty of the trustees; and hence a grantee of the trustee need not pay the mortgage tax in order to record the agreement referred to in the trust deed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 161; Dec. Dig. § 75.*]

Submission of controversy between Daniel S. Dryer and John J. Hopper, as Register of the County of New York, and Thomas F. Byrnes and others, constituting the State Board of Tax Commissioners. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Harold Swain, of New York City (Hamilton C. Rickaby, of New York City, on the brief), for plaintiff.

Samuel Ecker, Deputy Atty. Gen., of New York City, for defendants.

LAUGHLIN, J.   On the 14th day of August, 1913, one Agnes C. Geoghegan, who was then seised of premises Nos. 343 and 345 West Thirty-Sixth street, borough of Manhattan, New York, executed a conveyance thereof in due form to William J. Conners and Christian

---

F. Tietjen, and it was duly recorded in the office of the register of the county of New York. That deed contained a recital as follows:

"Subject to the mortgage and liens thereon, the property herein conveyed to the parties of the second part is conveyed to them as trustee for the benefit of the creditors of Patrick A. Geoghegan, deceased, under and pursuant to an agreement made by and between the parties hereto bearing even date herewith, together with the appurtenances and all the estate and right of the said party of the first part in and to said premises."

Said trustees conveyed the premises to the plaintiff on the 10th day of December, 1913, and that conveyance was duly recorded. The agreement to which reference was made in the first conveyance has not been recorded, but it was delivered to the plaintiff at the time he purchased from the trustees. He subsequently tendered it to the register for record, and offered to pay the recording fee, and demanded that it be recorded as a conveyance of real property. The register, acting under the advice of the State Board of Tax Commissioners, declined to register it without the payment of the mortgage *recording tax* imposed by § 253 of the Tax Law. The question submitted for decision is whether plaintiff was entitled to have the agreement recorded without paying a mortgage recording tax.

The agreement recites the execution and delivery of the first described deed, and other bargain and sale deeds, by said Agnes C. Geoghegan to said Conners and Tietjen of the same date, and that they were executed and delivered "to protect and secure the creditors of Patrick A. Geoghegan, lately deceased," and said Conners and Tietjen covenanted and agreed that they held and would continue to hold the premises so deeded to them for said purpose, and that they would offer, or cause to be offered, the premises for sale forthwith, and, with the exception of certain premises at Far Rockaway in Queens county, not here involved, they were to use their best efforts and judgment to effect sales at the highest prices obtainable in the open market; and they agreed that in the event of a sale they would, upon the receipt of the purchase price, after deducting brokerage charges and reasonable expenses, "retain and apply any balance remaining in their hands for the payment of any and all just claims of creditors of the late Patrick A. Geoghegan, and after the payment of all such claims, pay over to Agnes C. Geoghegan, the party of the first part hereto, the widow of said Patrick A. Geoghegan, deceased, any sum of money or balance remaining in their hands"; and that pending sales of the premises, they would collect the income and rents and apply the same in payment of interest on mortgages and carrying charges; and it was mutually agreed that if they should advance moneys "for any purpose in connection with any or all of said premises" they should have the right to reimburse themselves from the first sums realized on any sale or from rents or income. There was no provision in the agreement for a reconveyance of the premises to the grantor, or for a defeasance; and with respect to the premises in question and all premises in the county of New York, the authority of the grantees to fix the selling price and to sell and convey was unrestricted. Section 250 of the Tax Law de-

fines the phrase "mortgage of real property," as used in the article of the Tax Law relating to taxes on mortgages, as including—

"every mortgage by which a lien is created over or imposed on real property or which affects the title to real property, notwithstanding that it may also be a lien on personal or other property or that personal or other property may form a part of the security for the debt or debts secured by such mortgage."

It is also provided in the same section that executory contracts for the sale of real property shall be deemed mortgages where the vendee has or is entitled to possession, and shall be assessed at the amount unpaid on such contracts, and that a contract, by which the indebtedness secured by a mortgage is increased, shall also be deemed a mortgage for the amount of such increase. Section 253 of the Tax Law, which contains the statutory provisions imposing a recording tax on mortgages, provides as follows:

"A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter by mortgage on real property, situated within the state recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article. If the principal debt or obligation which is or by any contingency may be secured by such mortgage recorded on or after the first day of July, nineteen hundred and seven, is less than one hundred dollars, a tax of fifty cents is hereby imposed on such mortgage, and shall be collected and paid as provided in this article."

Section 320 of the Real Property Law (Consolidated Laws, c. 50, Laws of 1909, c. 52) provides as follows:

"A deed conveying real property, which, by any other written instrument, appears to be intended only as a scurity in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage; and the person for whose benefit such deed is made, derives no advantage from the recording thereof, unless every writing, operating as a defeasance of the same, or explanatory of its being desired to have the effect only of a mortgage, or conditional deed, is also recorded therewith, and at the same time."

I am of opinion that the agreement in question is not subject to a recording tax as a mortgage. The only statutory provisions having any bearing on the question are those herein quoted. It is plain, I think, that it is not a mortgage within any of the statutory definitions. The agreement does not show that the deed was intended only as security in the nature of a mortgage; but, on the contrary, it clearly shows that it was intended to vest title absolute in the grantees, for the purpose of effecting sales and conveyances of the premises with the obligation to account for the proceeds to the creditors mentioned and to the grantor. It is manifest, I think, that there was no defeasance, and that no title or interest remained in the grantor, or right of redemption which would divest the grantees of the authority to sell the premises. The grantees could convey good title without any foreclosure action or proceeding at law or in equity; and they could execute the trust in no other manner. There is a clear and well-recognized distinction between an absolute deed of trust, which places the property beyond the control of the grantor, and a deed of trust as security in the na-

ture of a mortgage, in which case an equity of redemption is reserved to the grantor, for in the one case the conveyance. is unconditional and indefeasible, although *for the purpose of raising a fund to pay debts,* and in the other it is *for the purpose of securing debts* and is therefore defeasible. 27 Cyc. 974; Jones on Mortgages, § 62; Baker v. Thrasher, 4 Denio, 493. A conveyance on an express trust to sell real property for the benefit of creditors is authorized by section 96 of the Real Property Law, and was presumably within the minds of the legislators; and, if they had intended to subject such conveyances to the mortgage recording tax, I think it is reasonable to presume that they would have so provided. The debts which the trustees were to pay from the proceeds of the sale were not obligations of the grantor; nor were the creditors of the husband named; nor is anything found in either the conveyance or the agreement to indicate that it was contemplated that they might be otherwise paid. The authority and direction to the grantees was to sell and convey the premises forthwith. The obligation on the part of the grantees to account to the grantor for the surplus, if any, after paying the creditors of her husband, would have existed without the express provision obligating them so to do. The character of the instrument is not affected by the fact that there was an express reservation of this obligation. There is, I think, no room for a construction to the effect that the conveyance was intended merely as security for the creditors of the husband of the grantor; but, on the contrary, it is fairly to be inferred that she was desirous voluntarily of paying her husband's debts, and instead of attempting to negotiate a sale of the various parcels of land herself for that purpose, she deemed that it could be best effected by the trustees, and she, therefore, as she intended, conveyed to them by a deed of trust absolute.

It follows that the plaintiff is entitled to judgment on the submission ordering and directing the defendant register to receive and record the agreement upon payment of the lawful fees for recording it, without the payment of any tax, and for his disbursements, but not costs, to be taxed. All concur.