BELLE AYRE CONSERVATION COMPANY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, September 10, 1925.

Mortgages — owner conveyed property to wife within four months of bankruptcy — wife filed claim against husband's estate, setting up deed as security for loan and agreeing to relinquish security — wife, pending bankruptcy proceedings, reconveyed property to husband — plaintiff derived title through daughter of bankrupt, his sole devisee — defendant claimed title through trustee in bankruptcy — deed by bankrupt to wife was mortgage — transfer by wife to bankrupt was satisfaction of mortgage — trustee's deed conveyed good title — plaintiff had constructive notice of trustee's deed.

A deed by the owner of property to his wife, made within four months of bankruptcy, will be construed to be a mortgage, where it appears that, after the grantor became bankrupt, his wife filed a claim in the bankruptcy proceedings in which she stated that the deed was held by her as security for money loaned, and that she would surrender and relinquish all security and would make any agreement or conveyance necessary to effectuate that purpose, and where, during the pendency of the bankruptcy proceedings, she redeeded the property to her husband.

Accordingly, the defendant, who acquired title to the property through the trustee in bankruptcy, had title thereto superior to that of the plaintiff, who acquired title through the daughter of the bankrupt, who was his sole devisee, for the deed by the bankrupt's wife to the bankrupt during the pendency of the bankruptcy proceedings amounted to no more than a satisfaction of her mortgage which was represented by the deed from the bankrupt to her, and, therefore, the title to the land was in the bankrupt at the time of the intervention of bankruptcy and passed by the trustee's deed.

The trustee's deed, which was on record at the time the plaintiff acquired its alleged title, and which recited the bankruptcy proceedings, amounted to constructive notice of the existence of the right of the defendant, or at least was sufficient notice to put the plaintiff upon inquiry, and if it had made the inquiry it would have learned that the title transferred by the trustee in bankruptcy was a good and valid title, and that the title which it was to receive was not valid.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims in favor of the plaintiff, entered in the office of the clerk of said court on the 12th day of September, 1922.

*Carl Sherman, Attorney-General* [*A. C. Taylor* of counsel], for the appellant.

*J. S. Frost,* for the respondent.

COCHRANE, P. J.:

There is involved in this litigation title to certain land in Ulster county. It is undisputed that in the year 1898 the property was owned by Oscar Tamagno. Both parties trace their title to him as the common source of title. On October 19, 1898, said Tamagno executed to his wife, Eliza Tamagno, an instrument which was in form a deed and which purported to convey " all the ownership, right, title and interest of the party of the first part of, in or to any and all real estate whatsoever and wheresoever situated." On December 13, 1898, Oscar Tamagno was adjudicated an involuntary bankrupt. It was the said conveyance to his wife less than four months previous which constituted the act of bankruptcy leading to such adjudication. A trustee in bankruptcy was duly appointed who pursuant to an order of the bankruptcy court on December 27, 1899, conveyed said property to Ostrander and Olmstead who subsequently conveyed the same to the respondent State of New York. Pending the bankruptcy proceedings and on February 23, 1899, Eliza Tamagno executed an instrument purporting to reconvey the premises to her husband. Subsequent to his death his daughter, who was the sole residuary legatee and devisee under his will, quitclaimed the property to the respondent herein. Such is the condition of the record title affecting the premises. The deeds and instruments purporting to be deeds were all promptly recorded immediately after their execution. It will be observed that the appellant claims title through the bankruptcy proceedings by virtue of the deed given by the trustee in bankruptcy. The respondent on the other hand ignores the bankruptcy proceeding and the deed of the trustee, claiming that because Eliza Tamagno did not convey the property directly to the trustee but instead thereof conveyed the same to her husband pending the bankruptcy proceedings title thereto did not vest in the trustee and his sale

thereof was ineffectual.   It is admitted, however, that the deed from Tamagno to his wife was voidable at the instance of the trustee.

The appellant claims that the conveyance of Oscar Tamagno to his wife was not in fact a deed but was intended to be and, therefore, was a mortgage and that the rights of the parties must be measured accordingly.   " The courts are steadfast in holding that a conveyance, whatever its form, if in fact given to secure a debt, is neither an absolute nor a conditional sale, but a mortgage, and that the grantor and grantee have merely the rights and are subject only to the obligations of mortgagor and mortgagee." (*Mooney* v. *Byrne*, 163 N. Y. 86, 93.)   " It is well established that a deed, absolute on its face, can be shown by parol or other extrinsic evidence to have been intended as a mortgage; and that the relation of mortgagor and mortgagee being thus established, all the rights and obligations incident to that relation attach to the parties." (*Carr* v. *Carr*, 52 N. Y. 251, 258.)   " Whenever a deed absolute on its face is thus treated as a mortgage, the parties are clothed with all the rights, are subject to all the liabilities, and are entitled to all the remedies of ordinary mortgagors and mortgagees."   (3 Pom. Eq. Juris. [4th ed.] § 1196.)   There is no doubt about the foregoing principle of law and the problem is to ascertain whether the evidence justifies a finding that the instrument which Oscar Tamagno executed to his wife on October 19, 1898, was in fact a mortgage although in form a deed.   On January 6, 1899, Eliza Tamagno verified a claim against her bankrupt husband and filed it in the bankruptcy court.   In that claim she stated that her husband was " justly and truly indebted " to her in the sum of $5,570 for money loaned to him at different times and that the " only securities " held by her were among other things " a deed made by the said Oscar Tamagno to this deponent, dated October 19th, 1898, which purports to convey to the deponent all the ownership, right, title and interest of the said bankrupt of, in or to any and all real estate whatsoever and wheresoever situated."   Such claim continued as follows: " And I do hereby certify and declare that I surrender and relinquish all security that I have ever at any time received from said bankrupt or his property for my said claim, and especially, all security conveyed, assigned or transferred to me as above set forth, and I am ready and willing at any time, and hereby proffer to make, execute and deliver, as ordered by this Court, any necessary and proper deed, transfer or assignment to re-vest in the said Oscar Tamagno or in his trustee to be appointed in this proceeding, the property or interest, whether

real or personal, conveyed or transferred to me or for my benefit by the said bankrupt as aforesaid." No more positive or unequivocal declaration of the meaning and purpose of the instrument of October 19, 1898, could well have been made. The proof of claim was not a casual or unguarded statement nor an inaccurate form of expression. The words were selected and their meaning weighed as befitted a public document authenticated by oath to be used in a legal proceeding as the basis for the recovery of a debt. We think we are justified in imputing to the language used its natural meaning. We find no evidence suggesting any inference opposed to the theory that the deed was intended as a mortgage. On the contrary, what was done supports this inference. Eliza Tamagno as a creditor participated in the selection of a trustee. As such creditor she received her *pro rata* share of the assets of her husband part of which was derived from the sale by the trustee of the property in question. The respondent contends that any statement of Oscar Tamagno in the bankruptcy proceedings was inadmissible to destroy a title which he at the time did not hold. We may assume that such is the case. We do not need his declarations. We disregard them. Those of his wife were made while she held the alleged title and are in entire harmony with the surrounding circumstances and probabilities. The subsequent execution of the deed by her back to her husband corroborates the theory that the deed to her was a mortgage. The conveyance back to her husband was in the month following the month when she filed her proof of claim wherein she specifically declared that she relinquished the security of the said deed to her and that she was willing to execute " any necessary and proper deed, transfer or assignment to re-vest in the said Oscar Tamagno or in his trustee * * * the property or interest, whether real or personal, conveyed or transferred " to her by her husband. We cannot assume that she and the trustee and all others concerned were ignorant of the law. Had the conveyance to her been in fact a deed she would doubtless have transferred the property to the trustee. Being in fact a mortgage the instrument in extinguishment thereof was properly given to her husband, the mortgagor. A satisfaction of a mortgage to the trustee would have been if not improper at least unusual. The respondent strangely enough argues extensively that the proceedings in the bankruptcy court were conclusive as between the parties and those in privity with them and that the appellant is seeking to supersede the bankruptcy proceedings and is taking a position in hostility thereto. The contrary is the fact. The appellant claims title by virtue of the bankruptcy proceedings and from the trustee in bankruptcy. It

is the respondent which is asserting a claim in direct opposition to the purpose of the bankruptcy court when it ordered its trustee to sell the property in question and confirmed the sale after it had been made and distributed the proceeds of the sale to the creditors including Eliza Tamagno. That court treated the conveyance to Mrs. Tamagno as a mortgage and every step in the proceedings, including the reconveyance by her to her husband, was in recognition of that theory. It does not appear that Tamagno subsequently recognized or treated the property as his own. A convincing circumstance is that the trustee having sold the property subject to the inchoate dower right of Eliza Tamagno, she thereafter on May 8, 1900, and before the discharge of the trustee conveyed her inchoate dower interest to Ostrander and Olmstead, the grantees of the trustee, an act entirely inconsistent with ownership in her husband. Nor can we impute to Eliza Tamagno an intent to defraud her husband's creditors which she did if by conveying to him property which she admitted belonged to them she withheld it from them and at the same time wrongfully accepted a dividend from his estate. We will assume that she was honest and that she intended her deed to her husband to be an advantage and not a disadvantage to his creditors. We recognize the rule that the burden is on the appellant to prove that a deed absolute in form is a mortgage and that the proof required to establish such fact must be clear and convincing. (*Wilson* v. *Parshall,* 129 N. Y. 223.) With that rule in mind, however, we are satisfied that when Tamagno was adjudicated a bankrupt he owned the property in question subject to a mortgage in favor of his wife and his interest was, therefore, conveyed by the trustee's deed without the necessity of any conveyance by her either to the trustee or to her husband. Her statements under oath and the proceedings which were had in bankruptcy and the circumstances above enumerated all substantiate this view and alike proclaim that such was the understanding of all concerned.

The appellant contends furthermore that if the Tamagno deeds were absolute they are unavailable in aid of the respondent; that even though an action might not be maintainable to set them aside the court when an improper use is sought to be made of them will give them the effect the parties intended them to have of vesting title in the estate of the bankrupt which was also the effect which the bankruptcy court actually did give them; that those in privity with the Tamagno interests are estopped from questioning the efficacy of the trustee's deed. Having concluded that the Tamagno deeds were not absolute we do not consider these other questions.

Respondent had constructive notice of the trustee's deed to

Third Department, September, 1925. [Vol. 214

Ostrander and Olmstead. A proper search of the title of Tamagno could not be made without its discovery. That deed disclosed that Ostrander and Olmstead were at least the ostensible owners of the property which the respondent proposed to purchase. The deed recited that Tamagno was adjudged a bankrupt December 15, 1898, and that the grantor in the deed had been appointed his trustee in bankruptcy January 6, 1899. Respondent, therefore, as matter of law is chargeable with knowledge that the deed from Tamagno to his wife in direct line of its proposed title had been given less than four months prior to the adjudication in bankruptcy and that such deed in itself was an act of bankruptcy voidable at the instance of the trustee. Can there be any doubt, therefore, that ordinary prudence required the respondent to investigate the right of the trustee to sell the property? In *Sweet* v. *Henry* (175 N. Y. 268, 276) it is said: " The rule of law is well settled that a recital in a deed forming a link in the chain of title of any facts which should put a subsequent grantee or mortgagee upon inquiry and to cause him to examine other matters by which a defect in the title would be disclosed, is constructive notice of such defect. Where a purchaser of land has knowledge of any facts sufficient to put him on inquiry as to the existence of some right or some title in conflict with that which he is about to acquire, he is presumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered as a *bona fide* purchaser." Authorities to the same effect are numerous. (*Williamson* v. *Brown*, 15 N. Y. 354, 362; *Acer* v. *Westcott*, 46 id. 384; *McPherson* v. *Rollins*, 107 id. 316; *Anderson* v. *Blood*, 152 id. 285; *Cambridge Valley Bank* v. *Delano*, 48 id. 326; *Whistler* v. *Cole*, 81 Misc. 519; affd., on opinion below, 162 App. Div. 920.) The case of *Page* v. *Waring* (76 N. Y. 463), cited by respondent, establishes nothing to the contrary. The point here is that the respondent was under the duty of ascertaining the authority of the trustee in bankruptcy to execute a deed in hostility to the one which it was about to recognize in the chain of its proposed title. That duty was no other or greater than such as might have arisen from various other circumstances. In other cases the source of explanation might be different but whatever the explanation ordinary prudence would require a reasonable search therefor. In this case the trustee's deed on its face pointed directly to the bankruptcy proceeding for the explanation. It would seem that any reasonably cautious purchaser would not have failed to ascertain all that an examination of the bankruptcy proceedings would have disclosed. If such investigation had been made the respondent would have been in

possession of all of the facts and circumstances which would have convinced it as it convinces us that Eliza Tamagno never had any title to convey.

The judgment should be reversed on the law and facts and the claim, so far as it affects the property in question, should be dismissed, with costs.

All concur.

Judgment reversed on the law and facts, and claim, so far as it affects the property in question, dismissed, with costs. The court disapproves of the findings of fact in the report of the official referee numbered 9, 13, 14, 19, 24, 29, 30, 45, 48 and 50, and of the conclusions of law in said report numbered 5, 6, 7, 8, 9 and 10. The court finds as facts that the instrument dated October 19, 1898, executed by Oscar Tamagno to his wife was intended to be and was in fact a mortgage or security for an indebtedness; that the instrument dated February 23, 1899, executed to Oscar Tamagno by his wife was intended to be and was in fact a satisfaction or extinguishment of said mortgage; that the respondent when it purchased the property in question was put upon inquiry as to the title of the appellant and was negligent in not ascertaining the facts in respect to such title and was not a purchaser of the property in good faith; that at the time of such purchase the appellant was the owner of said property.