CHARLES E. LOEW and JULIA V. LOEW, as Executors of and Trustees under the Last Will and Testament of FREDERICK W. LOEW, Deceased, Plaintiffs, *v.* K. C. AND B. REALTY CO., INC., and Others, Defendants.

Supreme Court, Bronx County, May, 1931.

*Louis A. Rosenstein,* for claimant Bardem Realty Corporation.

*Benjamin Siegel,* for Ferdinand Phillipson, trustee of Hattie V. Kessler.

*James W. Donoghue,* referee.

HAMMER, J. In this surplus money proceeding the referee has found in favor of the claimant Bardem Realty Corporation under and by virtue of a mortgage to it from the K. C. and B.

Realty Co., Inc., dated May 7, 1927, and recorded in the office of the register of the county of Bronx on *May 14, 1927*, in *liber 1188 of Mortgages*, at page 127 (Exhibit 9). The trustee in bankruptcy of Hattie V. Kessler claims to be entitled to the surplus moneys by reason of an instrument in the form of a deed dated April 21, 1926, from the K. C. and B. Realty Co., Inc., as the owner of premises, to Hattie V. Kessler and recorded as a deed in the office of the register of the county of Bronx on the *6th day of April, 1927*, in *liber 626 of Conveyances*, at page 39.

This instrument contained the following recital: " This deed is given as collateral security to secure the return of the mortgage of $30,000 given by the Jersey York Realty Company, Inc. to Rachel Valencia, which mortgage is recorded in the office of the Register of the County of New York on October 28, 1924, in Liber 3518, page 127, of Mortgages, or in lieu of the said mortgage or in lieu of the return of said mortgage, the payment of $30,000 and accrued interest. Should the mortgage be returned or in lieu thereof the money paid with interest, then and in that event this deed shall be null and void and of no force and effect."

On its face the instrument shows that it was intended only as security and that it did not vest title absolute in the grantee. The title of the grantee was subject to the interest and right of redemption in the grantor and to being divested. The property was not placed beyond the control of the grantor. The grant was conditional and defeasible and given for the purpose of securing a debt. (*Dryer* v. *Hopper*, 162 App. Div. 590.) (See, also, Real Prop. Law, §§ 315 and 320; *Belle Ayre Conservation Co.* v. *State of New York*, 214 App. Div. 127; *Kerrigan* v. *Fielding*, 47 id. 246.) The recording of this instrument did not result in constructive notice to the claimant Bardem Realty Corporation. Authority for this proposition is given in the following excerpts from the reported cases:

*Howells* v. *Hettrick* (13 App. Div. 366; affd., 160 N. Y. 308): " That the misrecording of the assignment from Margaret W. Hettrick to the plaintiff's intestate was ineffectual to charge a *bona fide* purchaser or encumbrancer with constructive notice is so clear that it cannot be controverted."

*Gillig* v. *Maass* (28 N. Y. 191, at p. 214): " Recording the paper in the book of deeds, in the Kings county clerk's office, was not duly recording it, within the meaning of the recording acts, so as to be constructive notice to a subsequent mortgagee in good faith, or to effect a conveyance subsequently but duly recorded."

*Puglisi* v. *Belasky* (118 Misc. 336): " The record of an instrument not entitled to be recorded, or the record of an instrument recorded

not as it should be recorded, is not constructive notice. (*Gillig* v. *Maass*, 28 N. Y. 191; *Bradley* v. *Walker*, 138 id. 291; *Mutual Life Insurance Co.* v. *Nicholas*, 144 App. Div. 95.) An instrument recorded in the wrong book is not constructive notice. (*Howells* v. *Hettrick*, 13 App. Div. 366.) "

*Mackenzie* v. *Augimeri* (210 App. Div. 156, at p. 158): "It is undoubtedly the rule that subsequent purchasers may rely on prior conveyances being properly recorded and indexed, and are not required to search in strange and unusual places to discover recorded instruments showing hostile title. (*New York Life Insurance Co.* v. *White*, 17 N. Y. 469; *Gillig* v. *Maass*, 28 id. 191; *People's Trust Co.* v. *Tonkonogy*, 144 App. Div. 333.) "

The record indicates that there was sufficient evidence to support the referee's finding of fact to the effect that the Bardem Realty Corporation had no actual notice of the Kessler deed or mortgage.

The first mortgage which was foreclosed was a lien on lots Nos. 10, 11, 12, 13 and 62. The Bardem Realty Corporation mortgage was a lien on lots Nos. 10, 11, 12 and 13, but not on No. 62. On the foreclosure sale the five lots were sold for $46,000. The referee has found that the value of the contribution of lot No. 62, as determined by the value of such lot, in the proceeds of sale, was $2,000. With this I agree. The referee has found, however, that the Bardem Realty Corporation was entitled to the whole of the surplus moneys. But it is apparent that that corporation is not entitled to any surplus moneys from the sale of lot No. 62. The collateral instrument of Hattie V. Kessler included the grant of lot No. 62. Her trustee in bankruptcy, the only other claimant herein, is, therefore, entitled to that proportionate share in the surplus moneys which the value of lot No. 62 bears to the total proceeds of the sale, viz., one-twenty-third thereof. Computation must be made on the net amount after first deducting the referee's fees and disbursements of the proceedings. The remainder of the surplus moneys in accordance with the findings of the referee, except as indicated, in my opinion are payable to the claimant Bardem Realty Corporation.

The motion is granted as indicated. The objections of the trustee are overruled except as allowed in respect of the payment of one-twenty-third of the net surplus moneys, provision for the payment of which, as well as the referee's fees and expenses and the disbursements of the moving party, will be contained in the order herein which will be settled on notice.