Motions for reargument granted. On reargument, the decision of this court, dated June 24, 1946 (270 App. Div. 1035), is amended to read as follows: Action to have, two deeds executed by plaintiff Albans Holding *792 ¡Corporation to defendant Benjamin Kliegman declared to be mortgages and to set aside a conveyance by said defendant to the defendant Nathan, and for other varied and incidental relief. Insofar as the judgment dismisses the complaint on the merits as to defendants Blum, Jolles and Nathan, it is unanimously affirmed, with costs to said defendants against plaintiffs. The deeds to defendant Kliegman may not be held to he mortgages. (Wilson v. Parshall, 129 N. Y. 223; Ensign v. Ensign, 120 N. Y. 655, 656; Dryer v. Hopper, 162 App. Div. 590; 515-2nd St. Gorp. v. Bisnoff, 250 App. Div. 642.) Defendant Nathan was a purchaser for value, without notice of any claim of plaintiffs founded on agreements between them and the other defendants. The finding of the trial court that the sale of December 11, 1944, was authorized, and was for a fair price had adequate support in the evidence. Insofar as the judgment dismisses the complaint on the merits as to defendant Benjamin Kliegman, it is reversed on the law and the facts, with costs as hereinafter indicated; judgment is directed against him for the amount of the brokerage commissions, if any, which his brother Israel Kliegman obtained or is entitled to obtain, with one bill of costs to plaintiffs against said defendant to abide the event of a determination by the Special Term that Israel Kliegman in fact obtained or is entitled to obtain such brokerage commissions or any part thereof; and the matter is remitted to the Special Term for the taking of further proof as to such brokerage commissions, for a determination as to the actual or proposed division thereof, if any, and for the entry of a final judgment in conformity with this decision. The proof requires a holding that Israel Kliegman was the alter ego of his brother Benjamin Kliegman and that the latter is responsible in law for any disloyalty or dereliction of duty on the part of Israel Kliegman. (Gardner v. Ogden, 22 N. Y. 327; Helfhat v. Whiiehouse, 258 N. Y. 274.) It appears, so far as this record is concerned, that Israel Kliegman, without disclosure to Benjamin Kliegman or the latter’s principal, participated or agreed to participate in the brokerage commissions on the sale made December 11, 1944, through the broker Gluck. These moneys, to the extent, if any, that Israel Kliegman obtained them or is entitled to obtain them, must be accounted for by defendant Benjamin Kliegman to the plaintiff Albans Holding Corporation. If, as between the broker and Israel Kliegman, the latter obtained or is entitled , to obtain a part of the commissions, then plaintiffs should have judgment for thatx amount together with the costs withheld to abide the event. . But if Israel Kliegman did not obtain or is not entitled to obtain any part of the commissions, then there should be neither a money judgment for plaintiffs nor any award of costs to them as against the defendant Benjamin Kliegman, and there should he no further costs against plaintiffs. Settle order on notice. Lewis, P. J-., Hagarty, Carswell, Johnston and Adel, JJ., concur.