## FERRIER v. BUZICK.

Courts of equity will decree parties to perform that, which, in legal contempla-- tion, they are able to perform, and not that which, it is manifest, they have· no legal power to carry out ; and if the decree is to be void and imperfect,. and cannot be performed, a specific performance ought not to be decreed.

Where it has become impossible for a party to perform his part of the contract,. a court of equity will not decree such performance, but will either leave the party to his legal remedy, or· retain· the· bill, for the· purpose of awarding compensation to the injured party.

Where in a suit in equity to enforce the specific performance of a contract to. convey real estate, the answer of the respondent alleged, and the evidence proved, that the vendor, before the commencement of the suit, had con- veyed the land to other persons, who were not made parties, or charged/with. notice,. the bill was dismissed.

*Appeal from the Polk District Court.*

ON the 7th of April, 1849, the respondent made his title-bond, by which, in consideration of two hundred dollars to him paid, he bound himself to convey to one Bostick certain town lots in Fort Des Moines, so soon as he obtained a title for the same from the commissioners of Polk county. This bond was transferred by Bostick to Almond, and from Almond to the complainant—the last transfer being made August 17th, 1854. In December, 1854, this suit was commenced against Buzick, to enforce a specific performance of the contract. Among other things, Buzick sets up in his answer, that he had before the commencement of this suit, tendered to complainant the amount due on the bond, which he refused to receive, and that he had also previous to that time, conveyed said lots to G. & P. M. Scott; and at the time of the commencement of this suit, he had no title therein. The replication denies the conveyance to Scott, and admits the tender of four hundred dollars. The cause was heard on the bill, answer, replication, exhibits and proof of a warranty deed from respondent to Scotts, for these lots, dated September 25, 1854, and recorded June 23, 1855; and upon this proof, the equities were found in favor of complainant, and decree accordingly.

*J. E. Jewett,* for the appellant.

*W. Penn. Clarke,* for the appellee.

WRIGHT, C. J.—But one question is presented for our determination. It appears that respondent, before the commencement of this suit, parted with all his interest in these lots, by his deed to the Scotts. They are not made parties to the bill; neither is there an averment or proof, that they had notice of the outstanding bond at the time of their purchase. Their rights, then, cannot be affected by these proceedings. If complainant obtains a decree against re-

spondent, requiring him to convey, it is evident he must obtain a deed, that conveys no title, for respondent has no title to transfer. Under such circumstances, will this court decree a conveyance, and if so, upon what principle?

At common law, where a contract to sell or transfer any specific thing, is unperformed by the obligor, no redress can be had, except in damages. And thus, at law, the party is left to his election, to either pay the damages or perform his contract. Courts of equity, however, regarding such a course as inadequate for the purposes of justice, interpose, and require in proper cases, a specific performance of the contract, not treating it as a mere personal contract or covenant. But the exercise of this power, carries with it necessarily the power to enforce the decree when made. Courts of equity will decree parties to perform that, which in legal contemplation, they are able to perform, and not that which, it is manifest, they have no legal power to carry out. If the decree is to be void and imperfect, and cannot be performed, then a specific performance ought not to be decreed. *Tobey* v. *County of Bristol*, 3 Story, 800. So, where it has become impossible for a party to perform his part of the contract, a court of equity will not decree such performance, but will either leave the party to his legal remedy, or retain the bill, for the purpose of awarding compensation to the injured party. Story's Eq. Juris. § 714. And the learned author here refers to the very case before us, where the performance has become impossible, on account of a subsequent sale of the subject matter of the contract, without notice, as one of the instances in which a decree will not be made for its specific execution. And that this is the equitable rule, we think is well settled, both upon principle and authority. In *Kempshall* v. *Stone*, 5 Johns. Ch. 194, a decree for the specific performance of an agreement, was refused, upon the ground that the vendor had, after the time of performance had elapsed, and before the filing of the vendee's bill, sold and conveyed the land to a third person for a valuable consideration, without notice of such prior agreement. See also *Hatch* v. *Coff*, 4 Ib. 559; *Waters* v. *Travis*, 9 Johns.

450.   And indeed, we understand, that it is as essential that a contract shall be capable of being performed, before it will be so decreed, as that it shall be certain and fair in all its parts, or founded on any adequate consideration.   Story's Eq. Juris. § 751.   If the subsequent purchaser has notice of the contract, then he stands upon the same equity as his vendor ; he may be decreed to convey in the same manner, and he is, in fact, but the trustee of the first vendee.  But is the complainant remediless ?   We answer, by no means. With a bill properly framed, with proper parties, he may be able to show that the subsequent vendees purchased with notice, or that he is entitled to compensation, or damages against respondent, by reason of his failure to convey the premises.   Under this bill, however, he can claim neither a decree against such subsequent vendees, nor compensation. But as it is at least probable, that he has sustained an injury which should be remedied, his bill will be dismissed, without prejudice.   Decree reversed, with leave to complainant to proceed *de novo.*