## CASADY v. SCALLEN.

1. USURIOUS SALE OF LAND. A contract for the sale of land on a credit of one year, for a sum equal to the amount of the original purchase money and forty per cent thereon, is not usurious.

2. SAME. When A advances money for the purchase of land and takes the title to himself, under an agreement with B to convey the same to him at the expiration of one year, upon the payment of the sum so advanced and forty per cent thereon: *Quære.* Can B enforce a specific performance of the contract to convey, without first tendering the whole amount which he contracted to pay?

3. SPECIFIC PERFORMANCE. When, on the hearing in an action for the specific performance of a contract to convey real estate, it appears that the obligor has, since the commencement of the action, conveyed the legal title to the property in controversy to a third person, the court will not decree a conveyance before the grantee is brought into court as a party.

*Appeal from Fayette District Court.*

### FRIDAY, JUNE 12.

IN equity to enforce an alleged parol agreement to enter for and convey to complainant a certain forty acres of land. For the other material facts see the opinion.

*W. McClintock* for the appellant.

*L. L. Ainsworth* and *Milo McGlathery* for the appellee.

WRIGHT, J.—The agreement to enter the land for complainant, and the one alleged to have been made after the entry, are both most emphatically denied by respondent. There is no testimony whatever to show an agreement before the entry. The complainant, who is the only witness as to this part of the case, simply states that he had some conversation with respondent, with respect to the land, about the 7th of June, 1856; about the 19th Scallen entered the land specified in the petition.

It is quite manifest that this is far from showing an agreement, and we may, therefore, dismiss this part of the case without further comment.

The testimony as to the subsequent agreement from the same witness, is as follows: "He paid $50 for the land and I agreed, at the expiration of a year after, to pay him $70. Scallen, after we returned, said that it was the rule, and if I would not pay him the 40 per cent, he would not sell me the land." Another witness says that he was present " when complainant offered respondent some money and asked him what he was going to do; if he was going to give him the land. He said: ' Yes, if you pay the 40 per cent for the money.' "

If it appeared that respondent advanced the money ($50) to enter the land at complainant's request, under an agreement to pay the same, upon receiving the sum thus advanced, with forty per cent interest, it would then be matter of doubt whether complainant could seek the specific performance of such agreement, without offering the sum thus agreed to be paid. In other words, it would be doubtful whether he could avail himself of all the benefits of such usurious agreement, and at the same time, in a suit brought by him, repudiate or refuse to perform part of its

Casady v. Scallen.

terms. When it is remembered, however, that no prior agreement is shown, and that complainant himself testifies that he was to pay $70, at the expiration of the year, all room for doubt is removed. There is no necessary usury in such a contract. After the land was entered, respondent might sell it for the best price he could get, and it matters not that the advance upon the entrance money was 40 or 100 per cent. And as it is only claimed that complainant tendered the $50, with six per cent interest, together with the taxes paid by respondent, and interest thereon, we do not think, under the testimony, he was in a position to demand a specific performance of the contract.

There is still another ground upon which the decree below must be reversed. It appears that since the commencement of this action respondent conveyed the premises in controversy to a third person. The party thus holding the legal title was not brought before the Court in any manner. And yet the decree is that respondent shall execute to complainant a good and sufficient warranty deed, and in default thereof, the clerk of the District Court shall make the same, so as to vest the title in said complainant, in fee simple.

It is very clear that this decree cannot be performed. There is no legal power to carry it out. It matters not that respondent, by an act subsequent to the commencement of the action, rendered it impossible for him to perform his part of the contract. To entitle complainant to the decree as entered, the respondent's grantee should have been brought in by supplemental bill. *Ferrier* v. *Buzick*, 2 Iowa, 136, and the authorities there cited.

The decree is reversed and bill dismissed.

It appearing sufficiently probable, however, that complainant has equities which should not be denied, the dismissal will be without prejudice.