JOHN H. LONG,

*vs.*

WILLIAM B. CHANDLER and JOSHUA B. CHANDLER.

*Sussex, June* 1, 1916.

Specific performance will be decreed, not only against a vendor, but against a subsequent purchaser and grantee with knowledge of the rights of prior purchaser.

Payment of the price in specific performance will be decreed to a second purchaser, who bought at the same price and paid it to the vendor.

BILL TO ENFORCE SPECIFIC PERFORMANCE of a contract to sell land. On September 28, 1914, William B. Chandler and wife conveyed to Joshua B. Chandler a lot of land in the town of Dagsboro, Sussex County, Delaware, with full. knowledge on the part of William B. Chandler and Joshua B. Chandler of the suit brought by the complainant against William B. Chandler for the specific performance of a contract entered into between the complainant and William B. Chandler for the sale of the same lot of land (10 *Del. Ch.* 339, 92 *Atl.* 256), a decree requiring William B. Chandler to specifically perform said contract having been entered in that suit on September 26, 1914. After the conveyance above referred to had been

made, Long, the complainant, tendered to William B. Chandler the balance of the purchase money and requested a deed for the premises, which was refused, and this bill was filed for the purpose of having Joshua B. Chandler convey the premises to Long and to have the deed from William B. Chandler and wife to Joshua B. Chandler declared invalid.

The cause was heard on bill, answer, depositions and exhibits.

*Charles W. Cullen,* for the complainant.

*John M. Richardson* and *Daniel J. Layton,* for the defendants.

THE CHANCELLOR. The bill in this case is for the specific performance of a contract for the sale of real estate, and is brought by the purchaser against the seller and one who took and holds the legal title from the seller with notice of the rights of the buyer under the contract and of his efforts to enforce them in order to obtain a conveyance. In the first suit (10 *Del. Ch.* 339; 92 *Atl.* 256), the complainant, Long, sought to compel William B. Chandler to convey to him the same land and also to give the complainant a bond to indemnify him against the possible dower rights of Chandler's wife, who had refused to join in the deed, or to obtain an abatement of the price by the court, based on such inchoate dower. There was no prayer in the bill to require the seller to convey to the buyer without one or the other of these protections, in view of the possible interest of the wife of the seller. A decree was made September 16, 1914, and in his opinion filed in the cause, the Chancellor expressly stated in the concluding part thereof, as follows:

"The complainant is entitled to a decree for specific performance by the husband alone, but the defendant will not be required, as prayed for by the complainant, to convey the land with an abatement of the price, or with a bond of indemnity to the complainant to protect him against any claim of the wife of the defendant in case she survives her husband, because (1) it does not appear that the parties to the contract cannot be put in *statu quo;* (2) the quantum or value of the wife's right and interest is not now calculable with sufficient accuracy to justify an abatement of

the price; and (3) to require the seller to give a bond of indemnity with surety would be making a new contract for the parties and not enforcing the one made by them. As the complainant cannot have the relief asked for, the bill is to be dismissed and the complainant left to pursue any other remedy he may have at law."

By deed dated September 28, 1914, for the named consideration of $700, William B. Chandler and wife conveyed to Joshua B. Chandler the land in question, and the deed was recorded on October 3, 1914. At the time of this second sale and conveyance William B. Chandler and Joshua B. Chandler had both read the opinion of the Chancellor. Later the complainant, without knowledge of the sale and conveyance to Joshua B. Chandler, tendered to William B. Chandler, the unpaid purchase money, and asked for a deed from him alone, and upon his refusal to accept the money or make the deed, brought his bill against both William B. Chandler and Joshua B. Chandler to compel a conveyance from Joshua B. Chandler and to have declared invalid the deed of William B. Chandler to Joshua B. Chandler.

The issue in this case is, therefore, a very narrow one. No question was raised as to the sufficiency of the contract for the sale by William B. Chandler to Long, and to the right of this court to enforce it specifically as between them. It was admitted, too, that the defendant, Joshua B. Chandler, not only knew of the prior litigation, but before taking the deed for the property had read the opinion of the Chancellor in the other cause. In justification of his action in taking title in the face of that opinion and decision, Joshua B. Chandler relied on the last sentence of the part above quoted. For aught that appears the deed was made, without legal advice, the parties to it professing to believe that the dismissal of the first bill was a denial of the right of the complainant to a deed from William B. Chandler alone. It is quite clear, however, that they were not justified in their conclusion by anything in the decree or opinion; and on the contrary there was in the opinion a direct and unequivocal statement that the complainant, Long, was entitled to such a deed, though he was not entitled to a bond of indemnity or abatement in the purchase price.

As Joshua B. Chandler took the deed very shortly after the decree was entered, and with full knowledge of the rights of the complainant, he cannot be permitted to hold the title as against Long, and will be required to convey the land to Long upon the payment of the balance of the purchase money, and also all the costs.

In the sale and conveyance from William B. Chandler to Joshua B. Chandler the purchase price was the same as the former agreed to sell to the complainant, Long, and as the consideration in the second deed was in fact paid by the grantee to the grantor, the purchase money is payable to the defendant, Joshua B. Chandler.

A decree will be entered accordingly.