NEWPAR ESTATES, INC., Appellant, *v.* PETER BARILLA, Respondent.

First Department, June 25, 1957.

*Albert Adams* of counsel (*Ferris, Adams & Creidy,* attorneys), for appellant.

*Seymour M. Klein* of counsel (*Gabriel B. Schwartz* and *John P. Cuddahy* with him on the brief; *Schreiber, Klein & Opton,* attorneys), for respondent.

*Per Curiam.* Plaintiff, mortgagor, brought this action to have expunged from the record a contract which the defendant, third mortgagee, allegedly in violation of his agreement, had recorded. Neither the plaintiff nor its president, the other parties to the contract, had acknowledged their signatures. Defendant, however, had procured the inclusion of the contract in the record by attaching it to an assignment and reassignment of the third mortgage and recording the assignment and reassignment.

Defendant is a resident of Italy and the plaintiff had obtained an order for substituted service. The defendant appeared specially and moved to vacate the order on the grounds that the complaint did not state a cause of action within the terms of section 232 of the Civil Practice Act, entitling the plaintiff to service by publication. Special Term granted defendant's motion and plaintiff appeals.

The allegations of the complaint sufficiently set forth a cause of action under section 329 of the Real Property Law. Under that section, an owner of real property may maintain an action to have any instrument in writing relating to such real property which has been improperly recorded cancelled of record (*Davidson* v. *Fox,* 65 App. Div. 262).

The contract which is annexed to the complaint among other things grants to the defendant a right of first refusal for a 10-year period beginning July 1, 1951, in the event the plaintiff attempts to sell the premises subject to the third mortgage. Special Term has indicated in its opinion that " [t]he contractual obligations and rights under the contract are personal between the parties ".

The contract not being acknowledged, the defendant could not have recorded it as a " conveyance ". (Cf. Real Property Law, §§ 291, 292.) By attaching it to the assignment of the mortgage and by recording that assignment, defendant has placed the contract in the record of title to the premises. Thus the defendant has converted his " personal right " against the plaintiff into an equity which he may assert against any subsequent purchaser. " In examining the title in the case at bar a purchaser would find a record of this contract as if it were a mortgage. This would necessitate his reading the document. He would thus have actual notice of the existence of the contract." (*Puglisi* v. *Belasky*, 118 Misc. 336, 338.) Since the defendant would be entitled to specific performance of his right of first refusal as against the plaintiff (cf. 5 Corbin on Contracts, pp. 832, 833), a purchaser with notice of the defendant's rights would likewise be subject to the same equity (cf. *Wheeler* v. *Standard Oil Co.*, 263 N. Y. 34, 38).

The defendant by recording the contract in violation of his agreement has converted his personal right into an " interest in or lien upon specific real  *  *  *  property within the state " and plaintiff's cause of action under section 329 seeks to have that interest or lien " defined or limited " within the meaning of subdivision 2 of section 232 of the Civil Practice Act. Plaintiff therefore was entitled to obtain an order of substituted service.

The order appealed from should be reversed and defendant's motion denied, with costs.

BOTEIN, J. P. (dissenting). The order for service by publication can be sustained only if the complaint alleges a valid cause of action within section 232 of the Civil Practice Act. Subdivision 2 thereof sets forth the three types of property actions in which service by publication may be made: (a) an action to exclude a defendant from a vested or contingent interest or lien on real or personal property within the State; (b) an action to enforce, regulate, define or limit such an interest or lien; or (c) an action otherwise affecting the title to such property.

The complaint herein alleges in essence merely that the contract giving defendant a right of first refusal on the sale

of the property was recorded, in violation of the agreement between the parties, through the device of being annexed to a purported assignment of a mortgage held by defendant on the property; and that as the contract had never been acknowledged by the plaintiff, it was not legally recordable. While this may spell out a complaint in an action to cancel a recorded instrument under section 329 of the Real Property Law, not every action brought thereunder affects the title to property so as to come within the scope of subdivision 2 of section 232 of the Civil Practice Act. It is highly significant that even though there is a conclusory allegation that the recorded contract constitutes a cloud on plaintiff's title, plaintiff does not demand, as it could under section 329, that the contract be " declared void or invalid ". Plaintiff's challenge is to the propriety of the recording, not to the substantive rights accorded by the contract. It does not actually seek a determination of conflicting claims to or rights in property, nor does it demand the removal of an *invalid* impediment to the marketability of its title. It invokes procedural deficiencies in order to rid itself of a contemplated embarrassment because defendant is giving constructive notice to the world of a valid and subsisting contract which plaintiff does not challenge in any of its provisions. Plaintiff's title to the property remains unaffected by the recording, which in no respect changes the terms of the recorded contract.

By the act of recording, defendant may have protected his rights or may even have somewhat enlarged his equitable right to enforce his contract against all subsequent purchasers. Perhaps a cancellation of the recording would have the effect of defining or limiting that right, but the notice given to potential purchasers of defendant's unchallenged right of refusal casts no cloud on *plaintiff's* present title, and renders it no more unmarketable than it was theretofore. In any proper attempt to sell or refinance the property, plaintiff must of necessity inform the potential purchaser or mortgagee of defendant's right of first refusal. What plaintiff's complaint boils down to, then, is that by the act of recording, defendant has made it difficult, if not impossible, for plaintiff to sell or refinance the property to others without notice — notice that it is required to give under its contract with defendant and by every concept of fair dealing. A cause of action, however couched, which would enable plaintiff, if successful, to refrain from disclosing required information to innocent purchasers or mortgagees, should not be encouraged by our courts.

The order appealed from vacating the ex parte order for service of the summons and complaint by publication should be affirmed.

FRANK, VALENTE, McNALLY and BASTOW, JJ., concur in Per Curiam opinion; BOTEIN, J. P., dissents and votes to affirm in opinion.

Order reversed, with $20 costs and disbursements to the appellant, and the motion denied.