Silverberg v Bank of N.Y. Mellon (2018 NY Slip Op 07167)





Silverberg v Bank of N.Y. Mellon


2018 NY Slip Op 07167


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-08807
 (Index No. 62858/14)

[*1]Stephen Silverberg, et al., appellants, 
v
Bank of New York Mellon, etc., et al., respondents, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Erick R. Vallely pro se, Daniel J. Evers, and Megan K. McNamara of counsel), respondent pro se and for respondents Bank of New York Mellon, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC, Bayview Financial, L.P., Gilbert Henoch, sued herein as Gilbert Henock, Steven J. Peddy, Gary H. Friedenberg, Miriam Milgrom, Stephen J. Brookmeyer, Joseph E. Macy, Rudolph J. Karvay, Gregory P. Peterson, Bruce J. Bergman, Steven Brock, Robert A. Carruba, Vinson J. Friedman, Stanley Mishkin, Todd C. Steckler, and Peter Sullivan.
Bryan Cave LLP, New York, NY (Suzanne M. Berger and Catherine E. Welker of counsel), for respondents Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America Corporation, and Bank of America, N.A.



DECISION & ORDER
In an action, inter alia, pursuant to Real Property Law § 329 to cancel of record three assignments of mortgage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated August 3, 2015. The order, insofar as appealed from, granted those branches of the separate motions of (1) the defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America Corporation, and Bank of America, N.A., (2) the defendants Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Gilbert Henoch, sued herein as Gilbert Henock, Steven J. Peddy, Gary H. Friedenberg, Miriam Milgrom, Stephen J. Brookmeyer, Joseph E. Macy, Rudolf J. Karvay, Gregory P. Peterson, Bruce J. Bergman, Steven Brock, Robert A. Carruba, Vinson J. Friedman, Stanley Mishkin, Todd C. Steckler, Peter Sullivan, and Erick R. Vallely, and (3) the defendants Bank of New York Mellon, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC, and Bayview Financial, L.P., which were pursuant to CPLR 3211(a) to dismiss the causes of action to cancel of record the subject assignments of mortgage and alleging violation of General Business Law § 349 insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America Corporation, and Bank of America, N.A., and the defendants Bank of New York Mellon, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC, and Bayview Financial, L.P., which were pursuant to CPLR 3211(a) to dismiss the causes of action to cancel of record the subject assignments [*2]of mortgage insofar as asserted against each of them, and substituting therefor provisions denying those branches of those defendants' separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This appeal stems from a mortgage foreclosure action commenced in 2008 in which the Bank of New York attempted to foreclose a mortgage on real property owned by the plaintiffs. By decision and order dated June 7, 2011, this Court held that the Bank of New York did not have standing to foreclose the mortgage because its purported assignor, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), the nominee and mortgagee of record for the underlying mortgage instruments, was not a lawful holder or assignee of the note and, therefore, did not have the authority to assign the underlying note to the Bank of New York (see Bank of N.Y. v Silverberg, 86 AD3d 274).
Thereafter, the plaintiffs commenced this action, inter alia, pursuant to Real Property Law § 329 to cancel of record two 2008 assignments of mortgage from MERS to the Bank of New York and to declare them void and invalid. The complaint also sought to cancel of record a 2014 assignment of mortgage from the Bank of New York Mellon, formerly known as the Bank of New York, to itself and to declare that assignment of mortgage void and invalid. In this regard, the plaintiff alleged that since the Bank of New York acquired no interest from MERS, the 2014 assignment of mortgage purporting to assign "all interest under" the 2008 assignments of mortgage transferred no interest. The complaint also asserted a cause of action alleging violation of General Business Law § 349.
By three separate motions, all of the defendants, except the defendant Judith A. Pascale, the Suffolk County Clerk, moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted the motions, determining, inter alia, that the plaintiffs lacked standing to challenge the validity of the assignments of mortgage because they were neither parties to the mortgage assignments nor third-party beneficiaries of the assignments. The plaintiffs appeal.
The Supreme Court should not have granted those branches of the separate motions of the defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America Corporation, and Bank of America, N.A. (hereinafter collectively the BANA defendants), and the defendants Bank of New York Mellon, MERSCORP Holdings, Inc., MERS, Bayview Loan Servicing, LLC, and Bayview Financial, L.P. (hereinafter collectively the Bank of New York defendants), which were pursuant to CPLR 3211(a) to dismiss the causes of action to cancel of record the subject assignments of mortgage insofar as asserted against each of them on the ground that the plaintiffs lacked standing. Real Property Law § 329 provides that "[a]n owner of real property . . . may maintain an action to have any recorded instrument in writing relating to such real property . . . other than those required by law to be recorded . . . declared void or invalid, or to have the same canceled of record as to said real property." The plaintiffs, as owners of the subject property, have standing under Real Property Law § 329 to challenge the recorded assignments and seek to have them removed as a cloud on their title (see Newpar Estates v Barilla, 4 AD2d 186, 187).
The Supreme Court's reliance on the principle of contract law that a person must be a party to the contract or a third-party beneficiary to have standing is misplaced, since the plaintiffs' causes of action to cancel and remove the subject assignments of mortgage from the records of the County Clerk are expressly authorized by statute (see Real Property Law § 329; see also Wellington v Financial Freedom Acquisition LLC, 132 AD3d 506, 507).
Additionally, contrary to the contentions of the BANA defendants and the Bank of New York defendants, the causes of action to cancel of record the subject assignments of mortgage sufficiently stated causes of action under Real Property Law § 329 insofar as against them, and the documentary evidence proffered by those defendants failed to utterly refute the plaintiffs' factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
However, contrary to the plaintiffs' contentions, the complaint failed to state a cause [*3]of action to cancel of record the subject assignments of mortgage against the defendants Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Gilbert Henoch, sued herein as Gilbert Henock, Steven J. Peddy, Gary H. Friedenberg, Miriam Milgrom, Stephen J. Brookmeyer, Joseph E. Macy, Rudolf J. Karvay, Gregory P. Peterson, Bruce J. Bergman, Steven Brock, Robert A. Carruba, Vinson J. Friedman, Stanley Mishkin, Todd C. Steckler, Peter Sullivan, and Erick R. Vallely (see CPLR 3211[a][7]). There were no allegations in the complaint that those defendants claimed any interest or had involvement in the subject assignments of mortgage or the subject property. Accordingly, we agree with the Supreme Court's determination to grant that branch of those defendants' motion which was to dismiss the causes of action to cancel of record the subject assignments of mortgage insofar as asserted against them.
Contrary to the plaintiffs' contention, the complaint failed to state a cause of action alleging violation of General Business Law § 349 against any of the moving defendants (see Stutman v Chemical Bank, 95 NY2d 24, 29). Accordingly, we agree with the Supreme Court's determination to grant those branches of the separate motions which were to dismiss the General Business Law § 349 cause of action insofar as asserted against the moving defendants.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court